## PICKENS *v.* GEORGIA RAILROAD AND BANKING CO.

A railroad company which as a common carrier receives a passenger and accepts a ticket sold by it or a connecting line to a particular station on its road is charged by law with the duty of stopping the train at the station and affording the passenger an opportunity to alight; and the failure to perform such a duty is a breach of a public duty, which renders the lessor liable where the road was being operated by a lessee.

Argued June 5, — Decided August 17, 1906.

Action for damages.    Before Judge Roan.    DeKalb superior court.    November 22, 1905.

Nellie Pickens sued the Georgia Railroad and Banking Company, alleging, that it was the owner of a line of railroad which it had leased to two other companies which were operating the same. The Gainesville, Jefferson and Southern Railroad Company, hereinafter called the Gainesville company, owned a line of road running from Gainesville by Hoschton to Social Circle on the line of the defendant. The defendant sold tickets from points on its road to points on the line of the Gainesville company, and the Gainesville company sold tickets from points on its road to points on the defendant road.

The plaintiff purchased from the agent of the Gainesville company a ticket from Hoschton, a station on that road, to Stone Mountain, a station on the road of the defendant. The agent told her at the time of the purchase that the train upon which she would leave Hoschton would make connection at Social Circle with a train of the defendant which would stop at Stone Mountain. When she reached Social Circle she boarded a train of the defendant when it arrived at that point. The conductor in charge of the train took her ticket, examined it carefully, punched it, and placed it in his pocket, after having been informed that she desired to leave the train at Stone Mountain. When the train reached Stone Mountain the conductor failed to stop the train and carried her to Atlanta, sixteen miles from her destination. The petition alleges that the defendant was negligent in not stopping the train at Stone Mountain and allowing her to alight therefrom after having accepted her ticket. It was further alleged that the train was scheduled to stop at Lithonia, where she could have boarded another train and reached her destination if she had been informed that the train would not stop at Stone Mountain. The petition distinctly alleges that upon the acceptance of her ticket by the conductor a duty on his part arose to stop the train at the point of destination indicated by the ticket. Upon general demurrer the petition was dismissed, and the plaintiff excepted.

*Hulsey & Field* and *A. M. Brand,* for plaintiff.

*Joseph B. & Bryan Cumming* and *M. A. Candler,* for defendant.

COBB, P. J. (After stating the foregoing facts.) A railroad conductor should not accept from a passenger a ticket to a particular station, knowing that she intends and desires to get off there, unless he expects to stop the train at that station and allow her to alight. If he accepts a ticket, a duty arises to stop the train at the point of destination fixed by the ticket. *Caldwell* v. *R. Co.,* 89 *Ga.* 550. In the present case the conductor not only accepted the ticket but he was distinctly informed that plaintiff desired to alight from the train at Stone Mountain. If he did not intend to stop the train at that station, he should have promptly informed the plaintiff to that effect and refused to accept her ticket, and either have stopped the train immediately and allowed her to alight, or should have informed her at what station the train would make the next stop in order to allow her to alight at that point. The failure to stop the

train at Stone Mountain and carrying plaintiff beyond her point of destination to Atlanta was a breach of duty, which renders the company liable. The plaintiff certainly had a cause of action against the lessee of the defendant for this breach of duty which it owed to her, growing out of the acceptance of her ticket. The defendant, being by its charter a carrier of passengers for hire, could not throw off the responsibility which it owed to the public by a lease of its property to another company; and the plaintiff therefore had a right of election, whether she would hold the lessee liable or bring her action against the lessor. "A breach of a contract made by a common carrier with one of its passengers is a breach of its public duty, for which it is liable in tort." *Caldwell* v. *R. Co.*, supra. The petition being challenged simply by a general demurrer, it will not be subjected to that scrutiny which the filing of a special demurrer would require. As against a general demurrer the petition set forth a cause of action.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*