## SAPPINGTON *v.* ATLANTA AND WEST POINT RAILROAD COMPANY.

1. The damages claimed because of the loss of the services and companionship of the plaintiff's wife, and because of the expense incurred in giving her medical attention, were not the natural consequences of the alleged tortious acts, and were too remote to be the basis of recovery.

2. Damages for mental anguish or wounded feelings arising solely from the circumstance that the passenger has been negligently carried beyond his destination are not recoverable, where he has sustained no injury to his person or his purse by receiving bodily hurt or being subjected to insult, abuse, or humiliation.

3. A passenger is entitled to recover of a railroad company at least nominal damages for negligently carrying him beyond his destination, and his suit should not be dismissed because he is not entitled to recover all the damages he claims.

Submitted July 18,—Decided December 17, 1906.

Action for damages. Before Judge Freeman. Troup superior court. November 7, 1905.

The plaintiff alleged in his petition that the railroad company had injured and damaged him in the sum of $5,000, by reason of the following facts: On June 15, 1903, he purchased from the company's agent at Gabbettsville a ticket entitling him to passage over its line to Atlanta and return, and used the ticket in going to Atlanta on that date. On the following day the plaintiff boarded a passenger train of the defendant at Atlanta, en route to Gabbettsville, and surrendered to the conductor his return ticket. When the train reached Cannonville, about two and a half miles east of his destination, the conductor called out Gabbettsville; but plaintiff, looking out and seeing the train had not arrived at that station, did not get off, informing the conductor that he was mistaken as to the place, that he desired to get off at Gabbettsville, not Cannonville. The plaintiff at the same time stated to the conductor that he had left home the day before, leaving his wife in a very delicate state of health, with attendants who were to remain until this train arrived; that she was expecting him home at the time, and he was exceedingly anxious that the conductor should stop the train and allow him to get off at Gabbettsville; that should he fail to get off when the train reached that point, and to go to his home, it might have a very serious effect on his wife. The conductor promised to stop the train at Gabbettsville and allow him to get off; but, instead of doing so, the conductor went through without a stop and carried plaintiff to West Point, Ga. In consequence, the plaintiff experienced the most intense mental pain and suffering; his feelings were hurt beyond measure; and he continued to suffer such mental anguish until he reached home, sometime thereafter, because of the delicate condition of his wife and his fear and apprehension of

the result of his failing to arrive at home according to his promise to her. When plaintiff reached West Point, the agents of the company gave him free transportation back to Gabbettsville on the next train, which left West Point soon after the arrival of the train that he went down on; but when this other train reached Gabbettsville, it did not stop at the station, notwithstanding the hour was late and the night was dark and the country rough, and plaintiff was negligently carried several hundred yards beyond the station, where the train was slackened and he was forced to alight, thereby putting him to considerable trouble and inconvenience, as well as mental worry. When plaintiff finally reached home, his wife had fainted and was suffering the most intense agony, all produced on account of his failure to keep his engagement, which was occasioned by the negligence and breach of duty on the part of the company. Seeing his wife in this condition increased his mental worry, anxiety, and pain; her health was seriously impaired on account of the shock, and he has been put to a large expense for medicines and medical treatment on account thereof. She has been in bed constantly since that time, unable to get up, though she was previously able to stay up and attend to her household duties; and she being unable to continue to do so, he has been put to the extra expense of devoting his own time to her cares and needs, thereby neglecting his business. The injury to his wife's health bids fair to be permanent; she has been constantly threatened with an abortion since receiving said shock, which tends to aggravate the mental sufferings of plaintiff, and her services and companionship are of the value of fifty dollars a month. The defendant company, as a public carrier, owed him the duty of stopping and allowing him to get off at his proper destination, the point to which he had paid for his passage, and was negligent in failing to do so. The act of the conductor in failing to stop after being acquainted with the circumstances connected with plaintiff's return to his home was "not only gross negligence, but was inhuman and brutal in the extreme, wherefore petitioner has been damaged and injured in the sum aforesaid."

The defendant demurred to the petition on the general ground that it did not set forth any cause of action, and also upon the special ground that the damages claimed were too remote and could not have been in the contemplation of the parties to the alleged

contract for transportation at the time the contract was made. The court sustained the demurrer and dismissed the case.

S. *Holderness* and *F. M. Longley,* for plaintiff.

*Dorsey, Brewster & Howell* and *A. H. Thompson,* for defendant.

Evans, J. (After stating the facts.) The action sounds in tort, and is for the breach of a public duty in failing to stop the train at the station to which the passenger had a ticket, in order to give him an opportunity to alight. When the railroad company sold the passenger a ticket to Atlanta and return, and the return coupon of the ticket was accepted by the conductor on the return trip, the company was under a duty to stop its train at the place of the passenger's destination and afford him an opportunity to disembark. *Pickens* v. *Ga. R. Co., 126 Ga. 517.* The recital of the facts upon which the plaintiff bases his claim for damages only makes a case of negligent omission, notwithstanding the pleader characterizes the failure of the conductor to stop the train, after being notified of the circumstances connected with plaintiff's return to his home, as "not only gross negligence," but as being "inhuman and brutal in the extreme."

The damages claimed because of the loss of the services and companionship of the plaintiff's wife and because of the expense incurred in giving her medical attention can not properly be considered as the legal and natural consequence of the alleged tortious acts, as they depend upon other and contingent circumstances which were too remote to be the basis of any recovery. *Central R. Co.* v. *Dorsey,* 116 *Ga.* 719. Nor was the plaintiff entitled to recover on the ground of wounded feelings. Where one has sustained no injury to his person or his purse, by receiving bodily hurt or being subjected to insult, abuse, or humiliation, he can not recover for mental anguish or wounded feelings arising solely from the circumstance that he is negligently carried beyond his destination, although the agents of the railway company were informed of the urgency of his being allowed to there alight. *Chapman* v. *W. U. Tel. Co.,* 88 *Ga.* 763; *Cole* v. *R. Co.,* 102 *Ga.* 478; *State Mutual Life Assn.* v. *Baldwin,* 116 *Ga.* 860.

The court below properly ruled that the plaintiff was not entitled to recover any of the items of special damages alleged, but should not have dismissed the action on general demurrer, because under the allegations the plaintiff was entitled to recover nominal dam-

ages.   Where a plaintiff sets forth his cause of action and claims general damages, including in his estimate a claim for vindictive or other damages not recoverable under the facts stated, his petition should not be dismissed on general demurrer simply because he claims more than he is entitled to receive, but he should be allowed to proceed for nominal damages.   *Cowdery* v. *Greenlee, 126 Ga.* 786.   The judgment sustaining the special demurrer is affirmed; but the order dismissing the suit must be set aside.

*Judgment in part affirmed and in part reversed.   All the Justices concur.*