9831.  McNEAL *v.* SEABOARD AIR-LINE RAILWAY.
9832.  WEATHERS *v.* SEABOARD AIR-LINE RAILWAY.

There can be no recovery of damages because of mental pain and anguish alone which resulted from mere negligence, when there was no physical tort resulting in injury to person or purse.

DECIDED FEBRUARY 20, 1919.

Action for damages; from Fulton superior court—Judge Bell. April 15, 1918.

*Paul Donehoo,* for plaintiff.

*Brown, Randolph & Parker,* for defendant.

BLOODWORTH, J.  Miss Gensie McNeal and Mrs. Annie M.

Weathers were daughters of J. M. McNeal. Both sued the Seaboard Air-Line Railway, the petition of Miss McNeal alleging, in part, that on or about August 26, 1917, the defendant received and accepted for shipment the corpse of her father at the Atlanta Terminal Station, Atlanta, Georgia, to be transported to Luxomni, Georgia; that full fare was paid for the transportation; that the plaintiff and the funeral party boarded a train of the defendant, due to leave the said terminal station about 6:45 a. m., on which the corpse of her father should have been carried; that when the funeral party reached Luxomni it was learned that the corpse was not aboard the train; that owing to the failure of the defendant to transport the body as agreed, the funeral had to be postponed from 11 a. m. until about 3:30 in the afternoon, necessitating the plaintiff's remaining in Luxomni an additional space of time, under a terrible strain; that the failure of the defendant to have the body at Luxomni when the funeral party arrived inflicted upon the plaintiff a severe mental and nervous shock, resulting in a spell of illness from which she did not recover for several days; that the failure of the defendant to ship the corpse was due to the negligence of the agent in charge of the terminal station in Atlanta, and was in reckless and wanton disregard of its duty as a common carrier, and of the rights, feelings, and sensibilities of the plaintiff. She prayed for judgment for $3,000. The petition of Mrs. Weathers was the same as that of Miss McNeal, except that instead of alleging that the severe mental and nervous shock resulted "in a spell of illness from which petitioner did not recover for several days," the petition of Mrs. Weathers alleged: "by reason of which she remained in an unstrung condition for several days." The petition of Miss McNeal contained the additional allegation that "petitioner was the youngest daughter of her father, the only child remaining at home at the time of his death, and the only constant companion of her father." A demurrer to each petition was filed, containing both general and special grounds; the general demurrer in each case was sustained and the case dismissed, and the plaintiffs excepted.

These two cases are almost identical, and both are controlled by the principle announced in a number of cases decided by the Supreme Court of our State, among them *Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183); *Giddens* v. *Western Union Telegraph Co.,* 111

*Ga.* 824 (35 S. E. 638) ; *Sappington* v. *Atlanta & West Point Rail-road Co.,* 127 *Ga.* 179 (2) (56 S. E. 311) ; *Seifert* v. *Western Union Telegraph Co.,* 129 *Ga.* 181 (58 E. 699, 11 L. R. A. (N. S.) 1149, 121 Am. St. R. 210) ; *Southern Bell Telephone &c. Co.* v. *Reynolds,* 139 *Ga.* 385 (77 S. E. 388) ; *Southern Bell Telephone &c. Co.* v. *Glawson,* 140 *Ga.* 507 (79 S. E. 136) ; *Central of Georgia Ry. Co.* v. *Wallace,* 141 *Ga.* 51 (2), 53 (80 S. E. 282, 49 L. R. A. (N. S.) 429, Ann. Cas. 1915A, 1076. See also Southern Express Co. *v.* Byers, 240 U. S. 612 (36 Sup. Ct. 410, 60 L. ed. 825, L. R. A. 1917A, 197). In the *Chapman* case, supra, Mr. Justice Samuel Lumpkin said: "The law protects the person and the purse. The person includes the reputation. *Johnson* v. *Bradstreet Co.,* 87 *Ga.* 79 [13 S. E. 250]. The body, reputation and property of the citizen are not to be invaded without responsibility in damages to the sufferer. But outside these protected spheres, the law does not yet attempt to guard the peace of mind, the feelings or the happiness of every one, by giving recovery of damages for mental anguish produced by mere negligence. There is no right, capable of enforcement by process of law, to possess or maintain without disturbance any particular condition of feeling. The law leaves feeling to be helped and vindicated by the tremendous force of sympathy. The temperaments of individuals are various and variable, and the imagination exerts a powerful and incalculable influence in injuries of this kind. There are many moral obligations too delicate and subtle to be enforced in the rude way of giving money compensation for their violation. Perhaps the feelings find as full protection as it is possible to give, in moral law and a responsive public opinion. The civil law is a practical business system, dealing with what is tangible, and does not undertake to redress psychological injuries."

We are not unmindful of the fact that this court has said, "while mental suffering, unaccompanied by injury to purse or person, affords no basis for an action predicated upon wrongful acts merely negligent, yet such damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." *Dunn* v. *Western Union Telegraph Co.,* 2 *Ga. App.* 846 (3) (59 S. E. 189). The *Dunn* case is easily differentiated from the one now under consideration. While the negligence of the railroad company

in the instant case was alleged to be "in reckless and wanton disregard of its duty as a common carrier, and of the rights, feelings, and sensibilities of your petitioner," this is but a conclusion of the pleader. The recital of facts upon which plaintiffs base their claims for damages makes a case of negligent omission only. "If a tort is committed through mistake, ignorance, or mere negligence, the damages are limited to the actual injury received."

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*