24881.   STEPHENS *et al. v.* WAITS *et al.*

DECIDED MARCH 17, 1936.

*B. L. Milling, John M. Seal,* for plaintiffs.
*A. M. Hilz,* for defendants.

GUERRY, J.   A. L. Stephens, Mrs. Dailey, Mrs. Nettles, Mrs. Thirlkill, and Carl Stephens brought suit against Bud Waits and his wife, Mrs. Ora Waits, alleging in substance that the plaintiffs are the brothers and sisters of George Stephens, deceased, and that the defendants have damaged the plaintiffs by reason of the following facts:   The plaintiffs had arranged to bury their deceased brother at Godby cemetery, with the permission of the owners of the cemetery; that the defendants had no right or title to said cemetery; that about 7:30 o'clock a. m., on the day of the burial, Bud Waits came to the cemetery and informed A. L. Stephens that

the latter was trespassing on Waits; that Waits attempted to get some papers to stop the plaintiffs from burying the body of their brother at this place, and sent Ora Waits to the cemetery to prevent the burial; that about 12:30 p. m. the box which was to be placed in the grave in which the casket was later to be placed, was brought to the cemetery, and Mrs. Waits seated herself on the box, took up an iron pick, and threatened to strike any one who attempted to place the box in the grave; that "the undertaker arrived with the body of said deceased brother, George Stephens, about 2:15 p. m. of said day, and funeral services were conducted in the church just adjoining said cemetery, beginning at 2:30 p. m., said services lasting about an hour, the body being then brought to the cemetery over ways and approaches being a part of said cemetery for burial in said grave;" that "the defendant Ora Waits continued to sit on the box and refused to allow any one to move the same or place said box in said grave, continuing this conduct until long after the said body was brought to the grave for burial;" that it was about one hour after the church services were over that Ora Waits was persuaded to move and allow the burial to take place; that A. L. Stephens, by reason of the unlawful and malicious interference of the defendants, was compelled to go to see the justice of the peace and others and attempt to get some legal papers to prevent said interference, and was thereby prevented from attending the funeral of his brother; that the defendants were acting in concert, and unlawfully conspired to prevent and interrupt the funeral and burial; that the plaintiffs were under the duty to bury their brother; that the conduct of the defendants deeply embarrassed and wounded the feelings of the plaintiffs; and that "said acts of defendants were committed maliciously and without authority of law, and with a reckless disregard of the rights of plaintiffs." The plaintiffs prayed judgment for $5000 damages. General demurrers to the petition were sustained, and the case "dismissed unless amended in twenty days," to which judgment the plaintiffs excepted pendente lite. Within the time provided, the plaintiffs amended their petition by alleging that the remarks of Mrs. Waits, when she seated herself on the box, the property of the plaintiff, were addressed to the undertaker's assistant, "informing said assistant that he could not put said box in said grave without legal papers;" and by alleging that the plaintiffs were put to an expense of $1 for

the transportation of A. L. Stephens from the cemetery to College Park, and Red Oak, Georgia, for the purpose of consulting with the justice of the peace and legal counsel, said expense being for the purchase of gasoline and oil for Stephens' automobile in making the trip; and by adding that the "plaintiffs are entitled to and do hereby claim, besides the special, actual, and nominal damages specified above, punitive and vindictive damages in the sum of $4999." The defendants renewed their demurrers to the petition as amended, and the court sustained the general demurrer and dismissed the case. On this judgment and on the exceptions pendente lite the plaintiffs assign error.

The petition as amended sets forth a cause of action because of alleged conduct which was wilful, intentional, and malicious. "While mental suffering, unaccompanied by injury to purse or person, affords no basis for an action predicated upon wrongful acts merely negligent, yet such damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." *Dunn* v. *Western Union Telegraph Co.*, 2 *Ga. App.* 845 (59 S. E. 189). It is well settled in this State that where there is no injury to purse or person, no recovery may be had for acts merely negligent. The leading case on this question is probably *Chapman* v. *Western Union Telegraph Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183). It is also well settled in this State that when the damage is caused by acts which are wanton, wilful, and voluntary, and the injury is not actual so far as it affects purse or person, but the only natural effect is mental suffering and wounded feelings, a recovery may be had. *Dunn* v. *Western Union Tel. Co.*, supra. Under the allegations of the petition the defendants owed the plaintiffs the duty not wilfully or wantonly to interfere with the burial of their brother. *Wright* v. *Hollywood Cemetery Cor.*, 112 *Ga.* 884 (5) (38 S. E. 94, 52 L. R. A. 621); *Jacobus* v. *Congregation of the Children of Israel*, 107 *Ga.* 518 (33 S. E. 853, 73 Am. St. R. 141). The violation of this duty was a legal wrong. In a recent case, *Atkinson* v. *Bibb Mfg. Co.*, 50 *Ga. App.* 434 (178 S. E. 537), it was said: "Mental pain and anguish, to be the basis of a recovery in damages, must be the consequences of a violation of a legal right or duty which is an actionable wrong. There may

be damage to a person without legal wrong, but a legal wrong imputes damage. Actual perceptible damages are not indispensable to the foundation of an action, since the violation of a legal right or duty warrants a recovery of nominal damages, and, if the nominal damages may be recovered, then, in a proper case made, a recovery for mental pain and anguish may be grafted upon the recovery of actual or nominal damages." In our opinion the decision in *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81), is directly contrary to the prior rulings of the Supreme Court and of this court, and can not be followed as authority. The cases therein cited, including the *Chapman* case, supra, were based on negligent acts, and not on wilful, wanton, and intentional acts, save the case of *Dresback* v. *Davis*, 17 *Ga. App.* 79 (86 S. E. 256), which we think also conflicts with the former adjudications. In *Head* v. *Georgia Pacific Ry. Co.*, 79 *Ga.* 358 (7 S. E. 217, 11 Am. St. R. 434), it was said: "Wounding a man's feelings is as much actual damage as breaking his limbs." In *Cole* v. *Atlanta & W. P. R. Co.*, 102 *Ga.* 474 (31 S. E. 107), it was said: "It is unquestionably the duty of a railroad company to protect a passenger against insult or injury from the conductor of the train on which the passenger is riding; and this being so, the unprovoked use by a conductor to a passenger of opprobrious words and abusive language tending to cause a breach of the peace, or to humiliate the passenger or subject him to mortification, gives to the latter a right of action against the company." In that case a failure to perform a public duty gave rise to a cause of action when the damage was only to the feelings. The *Dunn* case, supra, is the most exhaustive discussion of the principle here involved. See also *McNeal* v. *Seaboard Air-Line Ry.*, 23 *Ga. App.* 473 (98 S. E. 409); *Hines* v. *Evans*, 25 *Ga. App.* 829 (105 S. E. 59). In *Young* v. *W. & A. R.*, 39 *Ga. App.* 761 (148 S. E. 414), it was said: "The action was not for a mere negligent tort, but was for a positive and wilful wrong; and in such a case the plaintiff may recover for nervous shock or fright, with or without resulting or attendant physical injury." *Goddard* v. *Watters*, 14 *Ga. App.* 722 (82 S. E. 304); *Atlanta Hub Co. Inc.* v. *Jones*, 47 *Ga. App.* 778 (171 S. E. 170). In the present case the petition alleges the breach of a duty which the defendants owed to the plaintiffs, and that such action was wilful, wanton, intentional, and malicious. Under the decisions above

48

quoted, the damages sued for were recoverable, and it was error to sustain the demurrer and dismiss the action.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. As shown by the record, the plaintiffs did not claim to own the lot where their brother was to be buried and was buried, but claimed merely to have permission to bury there; and the alleged remarks of Mrs. Ora Waits were made, not to the plaintiffs, but to the undertaker's assistant, and were made several hours before the burial and before the body of the deceased had arrived at the church. The petition as amended shows that the alleged damage is not for injury to person, reputation, or property, or for pecuniary loss flowing from the conduct of the defendants. The damages sought are for wounded feelings, humiliation, and embarrassment; and it is well settled that there can be no recovery for such damages as are set out in this petition, if they are unaccompanied by injury to person, property, or pecuniary loss. And this principle is applicable not only to causes of action resulting from mere negligence, but also to those resulting from wilful and wanton misconduct, as alleged in the instant case. In *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (supra), this court said: "In the second count of the petition the plaintiff sought to recover damages for an alleged wilful and wanton trespass upon her premises. It was alleged in this count merely that the trespass caused her mental pain and anguish and prolonged an illness from which she was then suffering. In our opinion this count did not set forth a cause of action, as the law is well settled in this State that there can be no recovery for damages on account of mental pain and anguish unaccompanied by any physical injury to person or any pecuniary loss." The authorities cited in support of and immediately following the above-stated principle, show that this court has made no distinction, so far as this principle is concerned, between damage arising from mere negligence and damage arising from wilful and wanton trespass. In *McNeal* v. *S. A. L. Ry.*, 23 *Ga. App.* 473 (supra), it was alleged that the failure of the defendant railway company to have the body of the plaintiff's deceased brother at Luxomni when the funeral party arrived inflicted upon the plaintiff a severe mental and nervous shock, resulting in a spell of illness from which she did not recover for

several days; "that the failure of the defendant to ship the corpse was due to the negligence of the agent in charge of the terminal station in Atlanta, and was in reckless and wanton disregard of its duty as a common carrier, and of the rights, feelings, and sensibilities of the plaintiff;" and this court held that "There can be no recovery of damages because of mental pain and anguish alone which resulted from mere negligence, when there was no physical tort resulting in injury to person or purse." See also *Western Union Telegraph Co.* v. *Knight,* 16 *Ga. App.* 203 (84 S. E. 986); *Atkinson* v. *Bibb Mfg. Co.,* 50 *Ga. App.* 434 (supra); *Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763, 772, 773 (supra).

I agree to the statement of the trial judge, in his order sustaining the demurrer, that "the original petition has not been changed in a material way by the amendment." The petition shows that the box, upon which the defendant Mrs. Waits sat, was "the property of plaintiffs," but does not show that it was damaged by the defendant's conduct; and certainly the defendant sitting on an empty box could result in no pecuniary loss to the plaintiffs. The petition as amended (construed most strongly against the plaintiffs), shows that the $1 expense for gasoline and oil for the automobile of the plaintiff A. L. Stephens was neither the natural consequence of nor necessitated by the defendants' conduct, it not appearing that it was necessary for A. L. Stephens to leave the cemetery and go to College Park and Red Oak to consult with the justice of the peace and legal counsel. The petition shows that Bud Waits gave to A. L. Stephens notice, at 7:30 a. m., that the plaintiff was trespassing on him (his property?), and that he was going to stop him. The burial was not scheduled to take place until 3:30 p. m., the church services beginning at 2:30 and lasting one hour. It thus appears that the plaintiff had eight hours notice before the burial in which to consult legal counsel; and had he done so, it would have been unnecessary for him to leave the cemetery and be absent at the burial of his brother. Moreover, the petition as amended does not show the distance that the plaintiff had to travel in going to College Park and Red Oak, how much gasoline and oil he used, or an itemized statement thereof, what justice of the peace or legal counsel he consulted, or whether he actually consulted any legal counsel, or what papers or relief were sought. The alleged actual pecuniary damages of $1 (making an

average of twenty cents damage for each of the five plaintiffs) are too remote, inconsequential, and speculative to be recoverable, and are not shown to be the necessary consequence of any act of the defendants. See *Harrell* v. *Southern Ry. Co.*, 14 *Ga. App.* 451 (81 S. E. 384); *Bernhardt* v. *Federal Terra Cotta Co.*, 24 *Ga. App.* 635 (3) (101 S. E. 588); *Southern Ry. Co.* v. *Ward*, 110 *Ga.* 793 (3) (36 S. E. 78); *Cheeves* v. *Danielly*, 80 *Ga.* 114 (4 S. E. 902); *Central of Ga. Ry. Co.* v. *White*, 135 *Ga.* 524 (3) (69 S. E. 818).

Counsel for the plaintiffs, in their briefs, say: "We might, if we chose, safely rest our case on the cases of *Wright* v. *Hollywood Cemetery Cor.*, 112 *Ga.* 884 [supra]; *Jacobus* v. *Children of Israel*, 107 *Ga.* 518 [supra]." I have carefully examined these cases, and find that in each of them, in addition to humiliation and wounded feelings, the plaintiffs alleged that they sustained some actual pecuniary injury to person or property as a result of the defendant's conduct. In the instant case the petition as amended showed no actual pecuniary damage to the person, reputation, or property of the plaintiffs, which was caused by the alleged conduct of the defendants; and since in such a case no recovery can be had for mental anguish alone, I think that the court properly sustained the demurrers to the petition.