## 70202. FAIRCLOTH et al. v. GREINER et al.
### (331 SE2d 905)

BIRDSONG, Presiding Judge.

Dismissal for Failure to State Action. The facts giving rise to this case show that Fred Greiner was the principal officer of a corporation named C.M.G., Inc. ("C.M.G."). Apparently Greiner used assets of the corporation for personal purposes or otherwise mismanaged corporate assets. In June 1980, Faircloth as a creditor of C.M.G. brought suit against C.M.G. and Greiner individually. Subsequently, Faircloth was required to amend to show that the suit was on behalf of all creditors of C.M.G. Faircloth won a verdict and judgment against Greiner in an amount of $95,000. That judgment was entered by the trial court on October 31, 1981. Greiner disagreed with the exemplary aspect of the money judgment and sought to resist that part of the judgment. Ultimately at the direction of the court, Greiner paid into the registry of the court a sum in excess of $137,976 in satisfaction of the judgment, interest, punitive damages, attorney fees, and costs. The trial court on March 14, 1983, issued an order declaring the judgment of October 31, 1981, fully satisfied and for the clerk to abort the fiere facias issued on the judgment.

Prior to satisfaction of the October 1981 judgment in March 1983, Faircloth sought to amend his complaint against Fred Greiner and added Greiner's mother, Lorine Greiner, as a party defendant. Faircloth alleged in the amended complaint that after the October 1981 judgment, Fred Greiner sought to frustrate collection of the judgment by using assets of the corporation to purchase certain real estate, and had transferred this property to Ms. Greiner in her capacity as the trustee of an estate created for the benefit of the mother and her son (Fred) and a daughter. The "amended complaint" thus asserted that the fraudulent conveyances were part of a conspiracy intentionally calculated to injure Faircloth's happiness and feelings and to interfere with Faircloth's legal rights against C.M.G. to collect the judgment, thereby intentionally inflicting Faircloth with mental anxiety and distress. Faircloth's ineffectual attempt to amend a complaint already to a judgment which ultimately was fully satisfied caused the trial court to order Faircloth to file a new or "clean" complaint, in which he sought general damages for these wounded feelings. Ms. Greiner moved for judgment on the pleadings, and Fred Greiner moved to dismiss for failure to state a cause of action. In substance, both motions are based upon the same premise, that the satisfaction of the September 1981 judgment in March 1983 left Faircloth with no actual damages and vindictive damages were not appropriate as pleaded. The trial court granted the motions by mother and son, and it is these grants that form the basis of this appeal by Faircloth. *Held*:

We note at the outset that Faircloth is not seeking "exemplary" damages in this case. Exemplary damages are the result of pain and suffering to person or purse emanating from a personal injury to person or property as the result of tortious conduct by a defendant. Alternatively, exemplary damages may be awarded to deter the wrongdoer from repeating his misconduct in the future. In this case, it is apparent that Faircloth has not alleged nor sought to prove that the Greiners should be deterred from future conduct. Thus that basis for exemplary damages is not in this case. *Smith v. Milikin,* 247 Ga. 369 (276 SE2d 35). Likewise because Faircloth had been fully compensated for his loss as a creditor of C.M.G. by satisfaction of the October 31, 1981 judgment, he could show no actual damages nor be entitled to compensatory damages for the asserted interference of collection rights of that judgment. *Kelley v. Austell Bldg. Supply,* 164 Ga. App. 322 (297 SE2d 292). Where the pleadings show on their face that no compensatory (or general) damages may be awarded regardless of the outcome shown in the pleadings, no exemplary damages may be awarded either to deter the tortfeasor or to satisfy the accompanying wounded feelings of the plaintiff. *Daiss v. Woodbury,* 163 Ga. App. 88 (293 SE2d 876).

Even though there may be no recovery for exemplary damages, this does not preclude Faircloth independently from seeking damages for "wounded feelings" independently of injuries to person or purse. Such damages are recognized as an alternative form of "punitive damages." *Westview Cemetery v. Blanchard,* 234 Ga. 540 (216 SE2d 776). However, vindictive or punitive damages are recoverable only where a defendant acts maliciously, wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. *Molton v. Commercial Credit Corp.,* 127 Ga. App. 390 (193 SE2d 629). See *Stephens v. Waits,* 53 Ga. App. 44 (184 SE 781).

In this case, the trial court was confronted with information that all the alleged property transfers were made to the trust prior to the judgment of October 1981. Moreover, the Supreme Court in *Jones v. Spindel,* 239 Ga. 68 (3) (235 SE2d 486) held that alleged fraudulent conveyances in effect are not that type of malicious, wilful or grossly negligent conduct evincing a wanton disregard of the rights of another such as will provide a basis for injury to peace, happiness and feelings in support of an award of vindictive damages. See *Orkin Exterminating Co. v. Bowen,* 172 Ga. App. 880 (324 SE2d 752); *Sossenko v. Michelin Tire Corp.,* 172 Ga. App. 771 (324 SE2d 593). For either reason, there was no basis for an allegation that the Greiners (mother or son) had intentionally, maliciously, or wilfully performed an act to deprive or interfere with Faircloth's legal right to satisfy the 1981 judgment after that right vested. In the absence of a specific tortious interference with the 1981 judgment, there simply is no basis for an

allegation of wounded feelings sufficient to sustain a claim for vindictive damages. *Pilkenton v. Eubanks*, 139 Ga. App. 673 (229 SE2d 146); *Barry v. Baugh*, 111 Ga. App. 813 (143 SE2d 489); *Stephens v. Waits*, supra. Though Faircloth subsequently amended his complaint to allege that Fred Greiner had neglected to defend an action against C.M.G. thus allegedly further dissipating the corporation's assets, once again this could have no effect upon the satisfaction of the judgment of October 1981, inasmuch as the complaint alleged that it was interference with the judgment that caused the wounded feeling yet that judgment had been satisfied by Fred Greiner. We find no error in the dismissal of Faircloth's complaint as to both mother and son.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 6, 1985 —
REHEARING DENIED MAY 23, 1985 — 

*R. John Genins*, for appellants.
*John R. Grimes, Burgess W. Stone*, for appellees.