## 75108. FITZGERALD v. CAPLAN et al.
### (362 SE2d 103)

BANKE, Presiding Judge.

This is an appeal by the plaintiff from a grant of summary judgment to the defendants in an action to recover for alleged medical malpractice and intentional infliction of emotional distress.

The evidence, construed most favorably towards the plaintiff as respondent on motion for summary judgment, may be summarized as follows. Defendant Gerald E. Caplan, M.D., acting as a member and agent of defendant Radiology Associates, P.A., performed a series of radiological tests on the plaintiff for the purpose of investigating the cause of abdominal pains that she was experiencing. The tests were performed at the request of another physician who was responsible for the actual treatment of the plaintiff and who is not a party to this litigation. One of the possible diagnoses being investigated was cancer.

The procedures performed by Dr. Caplan revealed that a portion of the plaintiff's pancreas was abnormally enlarged, confirming the possibility of cancer but warranting no definite diagnosis in this regard. In his report to the plaintiff's treating physician, Dr. Caplan wrote: "Close follow-up evaluation of the uncinate of the head of the pancreas is recommended although hopefully the change seen is not a manifestation of a neoplasm." In preparing an insurance claim form for submission to the plaintiff's medical insurance carrier, however, Dr. Caplan inserted or caused to be inserted in the space designated, "Diagnosis of nature of illness or injury," the following language: "157.9 Pancreas: Determine Extent of Malignancy." Dr. Caplan chose this language in an effort to fit the plaintiff's insurance claim into one of the pre-ordained diagnostic categories considered compensable by her insurance carrier, and thereby to minimize the possibility that the claim would be rejected.

A copy of the insurance claim form subsequently came into the hands of the plaintiff, who, upon reading it, was led to believe that she had been diagnosed as having cancer. She immediately telephoned Dr. Caplan's office to verify this and was assured by his staff that the language in question had been used solely to expedite payment of her insurance claim. She was additionally informed that only her treating physician was in a position to discuss her final diagnosis with her. The plaintiff did in fact discuss the results of her radiographic tests with her treating physician and was assured by him that she did not have cancer; however, the fear and concern which she had experienced upon reading the insurance form nevertheless did not abate.

The plaintiff does not argue in this appeal that Dr. Caplan's conduct constituted medical malpractice; however, she does urge in her

brief that he may be held liable in tort for intentional infliction of emotional distress based on the "negligent misinformation" which he caused to be transmitted to her. *Held*:

It is a contradiction in terms to base a claim for intentional infliction of emotional distress on mere "negligent misinformation." A cause of action for intentional infliction of emotional distress must be predicated on misconduct of an outrageous or egregious nature, which is "so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Ga. Power Co. v. Johnson*, 155 Ga. App. 862, 863 (274 SE2d 17) (1980).[1] Clearly, Dr. Caplan's conduct in this case does not fall into this category. Indeed, it borders on the ridiculous to suggest that it was his intention to cause the plaintiff emotional distress or that he was engaged in some nefarious scheme to make money at the expense of her mental and emotional well being. Quite obviously, Dr. Caplan had no intention of terrorizing, harassing, or insulting the plaintiff but sought merely to avoid problems with her health insurance carrier, for her benefit as well as his own.

The cases relied upon by the plaintiff are quite distinguishable from the case before us and provide no support whatever for a recovery in this case. In *Greer v. Medders*, 176 Ga. App. 408 (336 SE2d 328) (1985), recovery was authorized against a physician who had verbally abused and insulted a patient and the patient's wife as the patient lay in a hospital bed attempting to recover from recent surgery. In *Chuy v. Philadelphia Eagles Football Club*, 595 F2d 1265 (3rd Cir. 1979), a case which is not, in any event, binding on this court, the defendant physician inexplicably made a false announcement to the press that the plaintiff, a professional football player, was suffering from a fatal disease, knowing such was not the case. Although in *Stafford v. Neurological Med., Inc.*, 811 F2d 470 (8th Cir. 1987), the defendant physician's alleged misconduct was virtually identical to that alleged in the present case, the patient there did not merely suffer emotional distress as a result of the physician's misstatement on the insurance form, she committed suicide. Consequently, the plaintiff there was not limited to a recovery for intentional infliction of emotional distress but was authorized to recover on the basis of mere negligence.

*Judgment affirmed. Carley and Benham, JJ., concur.*

---

[1] See, e.g., *American Fin. & Loan Corp. v. Coots*, 105 Ga. App. 849 (125 SE2d 689) (1962) (recovery authorized against bill collector who terrorized plaintiff and his family at gunpoint); *Delta Fin. Co. v. Ganakas*, 93 Ga. App..297 (91 SE2d 383) (1956) (recovery allowed against defendant whose agent threatened small child with arrest in attempt to repossess her parents' television set); and *Stephens v. Waits*, 53 Ga. App. 44 (184 SE 781) (1936) (recovery allowed against defendants who physically intimidated plaintiffs as they were attempting to bury family member).

Decided October 5, 1987 —
Rehearing denied October 19, 1987 —

*Joseph B. Bergen, Frederick S. Bergen*, for appellant.
*William P. Franklin, Jr., Wendy W. Williamson*, for appellees.