### 60321. GEORGIA POWER COMPANY v. JOHNSON.

BANKE, Judge.

The appellee in this case seeks to recover damages for the appellant power company's commission of what he characterizes as the tort of "outrage." The alleged outrage was the company's action in naming 18 heirs of W. W. Perry as parties to a condemnation proceeding involving a tract of real estate owned by the appellee, despite the fact that the Perry heirs no longer owned any interest in the property. Alleging that the company's motive in bringing the Perry heirs into the case was to cause him uncertainty about his title and thereby to injure his "feelings, peace, and happiness," the appellee filed suit for damages and injunctive relief. (The special

master in the condemnation proceeding subsequently entered an award of compensation, which was approved by the superior court and paid to the appellee. The appellee appealed on the issue of the adequacy of the compensation and was subsequently awarded an additional sum by a jury.)

The equitable issues raised in the appellee's complaint are now moot, since the easement has already been granted to the power company. The case is before us on our grant of an interlocutory appeal from the trial court's denial of the power company's motion for summary judgment on the damage claim. *Held:*

1. We reject the appellant's claim that the appellee was required to litigate his tort claim as part of the condemnation proceeding. It is clear that the special master was not empowered to hear such a claim. See generally Code Ann. § 36-611a.

2. Although the appellant moved for summary judgment, it submitted no affidavit or other sworn statement to refute the appellee's contention that the Perry heirs were named as possible owners of the property in a deliberate effort to disrupt his peace of mind. Thus, the issue that we are actually presented with is whether the complaint states a claim on which relief can be granted.

While we are not familiar with the tort of "outrage," Georgia does recognize a cause of action for intentional infliction of emotional distress. See generally *Dunn v. Western Union Tel. Co.,* 2 Ga. App. 845 (59 SE 189) (1907); *Stephens v. Waits,* 53 Ga. App. 44 (184 SE 781) (1936). However, in those cases where recovery has been authorized for intentional infliction of emotional distress, the defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff. See, e.g., *Dunn v. Western Union Tel. Co.,* supra (defendant verbally abused plaintiff and ejected him from telegraph office); *Stephens v. Waits,* supra (defendant physically intimidated plaintiffs as they attempted to bury family member); *Delta Finance Co. v. Ganakas,* 93 Ga. App. 297 (91 SE2d 383) (1956) (defendant's agent threatened small child with arrest in attempt to repossess her parents' t.v. set); *American Finance &c. Corp. v. Coots,* 105 Ga. App. 849 (125 SE2d 689) (1962) (defendant bill collector terrorized plaintiff and his family at gunpoint). The behavior attributed to the appellant in this case cannot reasonably be characterized as humiliating, insulting, or terrifying, being confined, as it was, to the preparation and filing of legal pleadings. Accord, *Martin v. Martin,* 118 Ga. App. 192 (3) (163 SE2d 254) (1968). We accordingly reverse the denial of the appellant's motion for summary judgment.

*Judgment reversed. McMurray, P. J., concurs. Smith, J., concurs in the judgment only.*

ARGUED JULY 2, 1980 — DECIDED
SEPTEMBER 15, 1980 —
REHEARING DENIED SEPTEMBER 24, 1980.

*Glenn Whitley,* for appellant.
*G. Gerald Kunes,* for appellee.