66634. EAST RIVER SAVINGS BANK v. STEELE.

POPE, Judge.
This interlocutory appeal arises from the denial by the trial court of appellant-defendant's motion for summary judgment. Appellee-plaintiff Richard E. Steele (Steele) brought suit against appellant-defendant East River Savings Bank (East River) for libel and slander and intentional infliction of emotional distress. Steele concedes that his action for libel and slander is barred by the statute of limitation. His action for intentional infliction of emotional distress is two-pronged. Steele alleges that East River's attempts to foreclose on property owned by a partnership including Steele were wrongful, and that such attempts amounted to intentional infliction of emotional distress upon Steele personally. Steele further alleges that statements made by East River's bankruptcy attorney during

the course of proceedings in bankruptcy court in connection with the foreclosure upset him tremendously and caused him such emotional distress that he suffered a heart attack on February 10, 1980. Steele avers that during a bankruptcy deposition taken on January 29 and 30, 1980, the bankruptcy attorney accused him of lying and told him they would get him for perjury; that at the bankruptcy hearing on February 6, 1980, while the bankruptcy attorney was examining Steele, said attorney stated, "God damn, in any event, we just may go ahead and charge him with perjury"; and that at the conclusion of the cross-examination, as Steele left the stand, the bankruptcy attorney said, "We are probably going to go ahead and get him on a perjury charge." We note that the record contains no transcript of these remarks; it simply contains the averments of Steele, undenied by East River.

The law of this state recognizes the tort of intentional infliction of emotional distress. See generally *Thomas v. Ronald A. Edwards Constr. Co.,* 163 Ga. App. 202 (2) (293 SE2d 383) (1982); *Dunn v. Western Union Telegraph Co.,* 2 Ga. App. 845 (59 SE 189) (1907). In order to sustain a cause of action, a plaintiff must show that "defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Ga. Power Co. v. Johnson,* 155 Ga. App. 862, 863 (274 SE2d 17) (1980). The court in *Johnson* held that preparation and filing of legal pleadings could not reasonably be characterized as "humiliating, insulting, or terrifying" and thus reversed the denial of summary judgment to the defendant. Steele's allegations concerning wrongful foreclosure of partnership assets as a basis for intentional infliction of emotional distress upon Steele personally are analogous to the filing of legal pleadings. The complaint does not seek recovery for the *partnership* for the alleged wrongful foreclosure; rather, it seeks recovery for Steele individually. The alleged wrongful foreclosure was not, as a matter of law, an event so humiliating, insulting, or terrifying so as to have come within the ambit of a cause of action for intentional infliction of emotional distress.

Nor do the remarks of the bankruptcy attorney afford a basis for the tort of intentional infliction of emotional distress. While the remarks were discourteous and unprofessional, we cannot say that either alone or in conjunction with a "severe cross-examination" (as alleged by Steele) the remarks were so terrifying or insulting as to naturally embarrass or humiliate Steele. The remarks were made during the process of litigation instituted by Steele. Litigation and, more particularly, cross-examination are by design rough-and-tumble, fraught with stress and tension. This fact is well known in our society, as illustrated by the turn-of-the-century

humorist, Ambrose Bierce. "[A litigant is] a person about to give up his skin for the hope of retaining his bones." A. Bierce, The Devil's Dictionary 78 (Dover 1958). Cross-examination is the cornerstone of our trial system. Through probing and challenging questioning by a zealous advocate, the jury and the judge are aided in evaluating the witness, and ultimately perceiving the truth. While it is the duty of the trial court to protect a witness from abuse, the widest possible latitude must be given to the advocate in order to ensure a thorough and sifting cross-examination. The record before us does not show whether counsel's improper remarks were subject to objection or whether, or how, the bankruptcy judge reprimanded counsel for them.

Appellee urges this court to adopt the reasoning of the Second District California Court of Appeal as expressed in the case of Kinnamon v. Staitman & Snyder, 66 Cal. App. 3d 893 (136 Cal. Rptr. 321) (1977). In Kinnamon, the court permitted plaintiff to maintain an action for intentional infliction of emotional distress based upon a letter written to plaintiff by the defendant attorneys which threatened criminal sanctions as an additional means to collect a debt allegedly owed by plaintiff. The California court found that the attorneys' conduct violated the California rules of professional conduct, and therefore was "of such an extreme nature as to be 'outrageous.' " Kinnamon, supra at 896. We do not agree that a violation of a rule of professional conduct is, per se, outrageous.[1] This court has held previously that an alleged violation of ethical guidelines for attorneys enacted by the legislature could not be the basis for a civil suit against a legal advocate. *Tingle v. Arnold, Cate & Allen,* 129 Ga. App. 134 (3) (199 SE2d 260) (1973). Indeed, most courts which have directly addressed the question have rejected the notion of implying a civil cause of action for damages arising from a violation of a rule of professional conduct. See Bob Godfrey Pontiac, Inc. v. Roloff, 291 Or. 318 (3) (630 P2d 840) (1981). The better rule appears in the dissent to Kinnamon, written by Associate Justice Hanson: "[A]n alleged violation [of a rule of the Code of Professional Responsibility], *standing alone,* cannot serve as a legal basis to support plaintiff's civil action seeking money damages based on an

---

[1] We express no opinion as to whether the bankruptcy attorney's remarks violated the Code of Professional Responsibility of the State Bar of Georgia, DR 7-105 (Code Ann. Title 9 Appendix): "A lawyer shall not . . . threaten to present criminal charges solely to obtain an advantage in a civil matter." Rules and Regulations of the State Bar of Georgia, 241 Ga. 643, 710 (1978). See also EC 7-10, 7-21 and 7-24, 241 Ga. at 700, 703 and 704. A violation of this rule is subject to disciplinary action by the State Bar of Georgia. See Rule 4-102, Standard 49, 241 Ga. 721, 739 (1978).

12

intentional infliction of emotional distress." (Emphasis supplied.) Kinnamon, supra at 901.

Our ruling here pretermits any need to discuss whether the attorney's remarks were privileged. Therefore, while not condoning the remarks by counsel, we hold that such are not sufficient to sustain an action for intentional infliction of emotional distress. Cf. *Kitchens v. Williams,* 52 Ga. App. 422 (183 SE 345) (1935) (dismissal on demurrer affirmed where plaintiff, a 19-year-old pregnant woman, alleged she suffered a heart attack as a result of armed defendant's cursing and implied threat to her). Accordingly, we reverse the denial of East River's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 3, 1983 —
REHEARING DENIED NOVEMBER 23, 1983 —

*Michael J. Goldman,* for appellant.
*Charles A. Gower,* for appellee.