70852. SAVELL, WILLIAMS, COX & ANGEL
et al. v. CODDINGTON.
(335 SE2d 436)

BANKE, Chief Judge.

We granted this interlocutory appeal to determine whether the

trial court erred in refusing to grant summary judgment to the defendants in an action by the plaintiff, Dr. Coddington, to recover damages for malicious use of process, intentional infliction of emotional distress and legal malpractice. The defendants are a law firm, its individual members, and a client who had been represented by the firm in a previous medical malpractice action in which Dr. Coddington and two other doctors were named as defendants. The earlier suit was originally filed in the Superior Court of Fulton County in 1976. In 1981, it was voluntarily dismissed and refiled in DeKalb County, where it was voluntarily dismissed in 1982. The trial court, concluding that the existence of an attorney-client relationship is the *sine qua non* of a legal malpractice claim, granted the defendants' motion for summary judgment with respect to that count of the complaint. This appeal is from the court's failure to grant the motion with respect to the remaining counts.

In support of the motion, the defendants submitted affidavits from Richard Carter (the plaintiff in the previous malpractice action) and Henry Angel of the law firm. Carter stated that after being treated by Dr. Coddington and the other doctors named as defendants in the earlier suit, he suffered chronic renal failure which he honestly believed resulted from improper diagnosis and treatment and that he conveyed this information to the law firm. Attorney Angel averred in his affidavit that he had investigated the claim by consulting with a physician at Emory University and that, based on his investigation, he and other members of the firm strongly believed that a cause of action existed against Coddington and the other doctors named in the former suit as co-defendants. *Held*:

1. In Georgia, the elements of an action for malicious use of process are (1) lack of probable cause in causing the process to issue, (2) malice (which may be inferred from a total lack of probable cause), and (3) termination of the underlying proceeding in favor of the defendant. See *American Plan Corp. v. Beckham*, 125 Ga. App. 416 (2) (3) (188 SE2d 151) (1972). The defendants' affidavits in the present case adequately refute the plaintiff's allegations of malice and lack of probable cause; and the only other evidence before the court on these issues was the plaintiff's own deposition testimony to the effect that because he had not been guilty of medical malpractice there could have been no basis for the suit against him. This testimony does not create a material issue of fact with respect to the issues of malice and probable cause, and we consequently hold that the defendants were entitled to summary judgment with respect to the allegations of malicious use of process. See generally *Big Chief Truck Lines v. Thaxton*, 155 Ga. App. 233 (270 SE2d 399) (1980).

2. In order to sustain a cause of action for intentional infliction of emotional distress, a plaintiff must show that "defendant's actions

were so terrifying or insulting as naturally to humiliate, embarrass or frighten [him] . . . The behavior attributed to the [defendants] in this case cannot reasonably be characterized as humiliating, insulting, or terrifying, being confined, as it was, to the preparation and filing of legal pleadings." *Georgia Power Co. v. Johnson*, 155 Ga. App. 862, 863 (274 SE2d 17) (1980). See also *East River Savings Bank v. Steele*, 169 Ga. App. 9 (311 SE2d 189) (1983). It follows that the defendants' motion for summary judgment should have been granted in its entirety.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*Glenn Frick, Sue K. A. Nichols*, for appellants.
*E. T. Hendon, Herbert O. Edwards*, for appellee.