**James SMITH, Plaintiff,**

v.

**SENTRY INSURANCE COMPANY, A Mutual Company, Burton G. Boldebuck, Michael G. Hickey, Ron Heck, Steve Peterson, Bruce Davidson and Larry Ballard, Defendants.**

**Civ. A. No. 1:86–CV–1176–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 26, 1988.

---

John R. Gaughen, Spearman & Gaughen, Atlanta, Ga., for plaintiff.

Alfred B. Adams, III, Wildman, Harrold, Allen Dixon & Branch, Atlanta, Ga., Charles A. Edwards, Graham & James, Raleigh, N.C., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on defendants' motions for summary judgment and motion for sanctions. The court will address these motions following a description of the history of this case and a statement of the relative facts.

## I. HISTORY OF THE CASE

Plaintiff's complaint, filed May 27, 1986, is comprised of three counts. Count I states a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Count II has been interpreted by the court as stating a claim for retaliatory discharge.[1] Count III, a state law tort claim, likewise required judicial interpretation. Citing *Georgia Power Company v. Johnson,* 274 S.E.2d 17, 155 Ga.App. 862, 863 (1980), the court eventually interpreted this count as stating a claim for intentional infliction of emotional distress. Order of December 31, 1986 at 3. Defendants Ballard, Boldebuck, Davidson, Heck and Peterson (hereinafter "defendant Ballard, et al.") joined with defendants Sentry, Hickey and Toole in moving for summary judgment October 15, 1986. By its November 18, 1987 order, however, the court stayed consideration of these defendants' motion[2] while (1) dismissing plaintiff's complaint against defendant Toole and (2) granting in part and denying in part defendants Sentry and Hickey's motion for summary judgment.[3] Order of November 18, 1987 at 22. By that same order, the court granted defendants leave to file a second motion for summary judgment which is now also before the court. The court will consider the issues raised by these two motions on a count-by-count basis.

## II. STATEMENT OF FACTS

Plaintiff began his employment with defendant Sentry in the spring of 1981. It is his contention that he was a victim of age discrimination when he applied for the position as Atlanta Claims Service Center Manager in July of 1985. Specifically, plaintiff asserts that the selection of defendant Hickey for the position was motivated by discrimination against plaintiff on the basis of plaintiff's age.

After being informed that he was not to be chosen as claims manager, plaintiff sent a memorandum to the executive officers of defendant Sentry on July 26, 1985. Plaintiff reported in this memorandum violations of state and federal law as well as irregularities in claims adjustment by defendant Sentry which he contends he had been reporting to his immediate superiors all along. In particular, plaintiff alleged in this memorandum that defendant Hickey's selection for the position of claims manager was the result of discrimination against plaintiff on the basis of age and against other applicants on the basis of sex. A meeting ensued between plaintiff and his superiors on August 2, 1985 at which time documentation of the alleged adjusting irregularities was requested from plaintiff. The sex and age discrimination claims were also discussed.

Plaintiff conditioned the production of this evidence upon a good faith showing by defendant Sentry that it intended to clean up its act. Following his August 30, 1985 suspension with pay pending defendant Sentry's investigation into the above-described allegations, however, plaintiff declined to produce the requested documents. It is plaintiff's contention that his allegations, particularly those regarding age discrimination, caused defendants to seek an excuse for terminating him. In particular, plaintiff claims that during defendant's investigation into his allegations he was subjected to a campaign to discredit his reputation as an effective and efficient adjuster and administrator.

Whatever the truth of plaintiff's allegations, plaintiff has admitted that he never

---

1. "Plaintiff's inartful pleading in Count II appears to be an attempt to state a retaliatory discharge claim." Order of November 18, 1987 at 14.

2. Prior to moving for summary judgment, these defendants challenged the sufficiency of plaintiff's service of process. Upholding their challenge, the court allowed plaintiff an additional two weeks in which to perfect service and stayed consideration of their summary judgment motions pending plaintiff's compliance with the court's order. Because service was apparently perfected on these defendants December 6, 1987, consideration of defendant Ballard, et al.'s motion for summary judgment is now appropriate.

3. Specifically, the court granted defendant Sentry's motion as to Count III; defendant Hickey's motion as to Count III and in part as to Count I; and defendant Toole's motion as to all counts.

gave defendant a list of the claims involving questionable insurance practices. Plaintiff was terminated as an employee of defendant Sentry on September 20, 1985. He was fired "for refusing to cooperate in an investigation and [for] poor job performance."

Plaintiff filed a charge of discrimination with the EEOC on September 27, 1985. The notes of plaintiff's interview with the intake interviewer indicate that plaintiff discussed primarily his contentions that he was discriminated against on the basis of age. Plaintiff told the interviewer that defendant Sentry had shown "a pattern of demoting and/or terminating older workers and hiring younger workers." Plaintiff filled out an intake questionnaire which reveals that the discriminatory action taken against him was the result of: "(1) retaliatory appraisal," "(2) discrimination promotion" and "(3) discriminatory/retaliatory termination and possibly other actions." Plaintiff explained that this action was taken against him by his employer and other unnamed defendants because of his age and for other reasons which he did not explain. This interview and questionnaire resulted in an EEOC notice of charge of discrimination which specified only age as a cause of discrimination. The facts supporting this charge were detailed by the intake/interviewer in a statement signed by plaintiff which did not mention retaliation.

After receiving his right to sue letter, plaintiff commenced this action on May 27, 1986. As alluded to previously, the following claims remain to be addressed by the present motions for summary judgment. First, plaintiff claims that he is the victim of age discrimination. Complaint, Count I. Second, plaintiff asserts that he was discharged in retaliation for his opposition to defendant's alleged illegal employment practices. *Id.*, Count II. Finally, plaintiff claims that defendants intentionally inflicted emotional distress upon him. *Id.*, Count III.

## III. CONCLUSIONS OF LAW

### A. *The Summary Judgment Standard*

Summary judgment with respect to a particular count or defendant is appropriate only if the undisputed, material facts of record indicate that the defendant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Once the moving party has discharged his initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case, the non-moving party is then required "to go beyond the pleadings" and present evidence designating "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). With these principles in mind, the court will consider the merits of defendants' motions for summary judgment.

### B. *Count I*

As to Count I, defendant Ballard, et al., first assert that summary judgment as to them is appropriate because they were not named as parties in plaintiff's EEOC charge. In the alternative, these defendants join with defendants Sentry and Hickey[4] in asserting their entitlement to judgment as a matter of law on the merits of plaintiff's discrimination claims.

#### 1. The EEOC Charge.

■ Defendant Ballard, et al., argue that plaintiff's failure to name them[5] in his charge of discrimination entitles them to judgment as a matter of law. Brief at 1. Indeed, as the court has stated previously, "as a general rule, defendants not named as respondents in an EEOC charge are entitled to summary judgment on claims which were the subject of the EEOC charge." Order of November 18, 1987 at 13 (citing *Bell v. Crackin' Good Bakers, Inc.,* 777 F.2d 1497, 1504 (11th Cir.1985)). Plaintiff first addresses this issue with the

---

**4.** Defendant Hickey was previously awarded partial summary judgment on Count I. Summary judgment was granted as to plaintiff's promotion claim but denied as to his discharge claim. Order of November 18, 1987 at 12–13.

**5.** Defendant Hickey was the only individual defendant named in plaintiff's EEOC charge.

assertion that "during the initial intake interview with the EEOC, plaintiff gave the names of each of these defendants ... to the EEOC interviewer. The interviewer took the information he desired in completing the official charge of discrimination." October 30, 1986 Response at 3. While some courts have declined to penalize a plaintiff for oversight on the part of the EEOC, *see Wasilchuk v. Harvey's Wagonwheel, Inc.*, 610 F.Supp. 206, 208 (D.C.Nev. 1985), plaintiff fails to support his assertion with affidavit testimony or any other such evidence. Consequently, plaintiff has failed to create a genuine issue as to whether he in fact identified the individual defendants as respondents in his EEOC charge. *Celotex Corp.*

■ Plaintiff's second argument on this issue is based on this court's ruling in *Dague v. Riverdale Athletic Association*, 99 F.R.D. 325 (N.D.Ga.1983). In *Dague*, the court determined that summary judgment in an individual defendant's favor due to the plaintiff's failure to name that defendant in his EEOC charge is inappropriate where an issue exists as to whether that defendant (1) was responsible for the challenged employment practices, (2) had actual notice of the EEOC charge, and (3) had an opportunity to participate in the conciliation process. *Dague* at 326–27. Plaintiff identifies evidence of record which suggests that elements (1) and (2) are present in this action, then correctly notes that defendant Ballard, et al., have not asserted that they did not have actual notice of the charges or an opportunity to involve themselves in conciliation proceedings. December 14, 1987 Response at 4. Inasmuch as the party seeking summary judgment bears the initial burden of demonstrating that no genuine issues of material fact exist, *Celotex Corp.*, the court concludes that defendant Ballard, et al.'s failure to address the notice issue renders judgment as a matter of law on this aspect of Count I inappropriate. The court will thus turn its attention to defendant's mo-

tion for summary judgment on the merits of plaintiff's discrimination claims.

### 2. Age Discrimination.

By their second motion for summary judgment, filed November 18, 1987,[6] all defendants challenge the merits of plaintiff's age discrimination claims (Count I). The court will address the merits of defendants' motions as they pertain to the two aspects of plaintiff's ADEA claim previously identified; i.e., the failure to promote claim and the termination claim.

#### (a) Failure to Promote.

As mentioned previously, plaintiff claims that the rejection of his application for the position of Claims Service Center Manager in July of 1985 was on the basis of his age. Plaintiff correctly notes that at least two methods of proof exist for establishing such claims; i.e., (1) direct evidence of discrimination, and (2) circumstantial evidence of discrimination presented through a judicially devised three-step burden-shifting analysis. It is plaintiff's primary contention that defendants' motions for summary judgment should be denied on the basis of plaintiff's direct evidence of discrimination.

Plaintiff submits as "direct evidence of defendant Sentry's overall discriminatory company policy relating to age," December 14, 1987 Response at 5, an excerpt from defendant Sentry's Claims Manager's manual, which provides in relevant part:

In our company we have learned from experience that it is to our advantage to hire young men (preferably between the ages of 24 to 27) with no prior claims experience. We feel that the old adage of the difficulty in teaching an old dog new tricks has been proven conclusively. Therefore, we begin with green material and the matter of training is the most important hurdle to overcome in converting new men to the end product we desire.

Plaintiff's Exhibit 2(a). The court believes that plaintiff mis-categorizes this evidence

---

6. Defendants' second motion for summary judgment was actually received by the Clerk April 8, 1987. It was not until the court granted defend-

ants leave to file this motion out of time that it was officially filed, however.

as direct. Direct evidence is "evidence which if believed, proves existence of fact in issue without inference or presumption." *Rollins v. Techsouth, Inc.*, 833 F.2d 1525, 1528 n. 6 (11th Cir.1987). In the present litigation, the "fact in issue" is whether defendants discriminated against plaintiff on the basis of his age. Thus, relevant direct evidence would be evidence which proves that fact. *See id.* ("One example of direct evidence would be a scrap of paper saying, 'Fire Rollins—she is too old' "); *see also Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1558 n. 13 (11th Cir.1988); *Young v. General Foods Corp.*, 840 F.2d 825, 827–28 (11th Cir.1988). In the case at bar plaintiff presents evidence that defendant Sentry employs discriminatory hiring standards in the selection of individuals for entry level claims positions. Plaintiff was not fired from or his application for promotion rejected from a claims position, nor does any portion of his complaint assert a failure to hire claim. Consequently, his proffered evidence merely suggests discrimination; i.e., the "fact in issue" must be inferred. Such evidence is, by definition, circumstantial evidence.[7] *Id.*

Similarly, plaintiff presents as "direct evidence" of discrimination, the testimony of Jeane Shope, a former co-worker. December 14, 1987 Response, Exhibit 1. Mr. Shope testifies as to his "personal knowledge of a youth movement put into effect after [defendant Ballard] took the position of president," as well as of "six instances when the position of claims service center manager was vacated by an individual over forty years of age, which position was applied for by several applicants, the one ultimately being chosen being under the age of forty and less qualified than the other applicants." Shope Aff., ¶¶ 3–4. Again, this proffered evidence no more than infers that the employment decisions

concerning and challenged by plaintiff were motivated by discriminatory intent. Consequently, it is not direct evidence of discrimination against plaintiff. *Rollins* at 1528 n. 6.

■ As a consequence of the foregoing, plaintiff can only successfully defend against defendants' motions for summary judgment by meeting his burdens in the aforementioned burden-shifting analysis. This analysis, devised originally for use in Title VII cases, *McDonnell–Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), has been adapted for use in ADEA cases as well. *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1442 (11th Cir.1985); *Young v. General Foods Corp.*, 840 F.2d at 826–827. Under this three-part model, the initial burden is on the plaintiff to present evidence sufficient to establish a *prima facie* case of discrimination. It must be noted that such a *prima facie* case, once established, is not itself proof of discrimination; rather, it is merely evidence from which the requisite motivational element may be inferred. *McCollum v. Bolger*, 794 F.2d 602 (11th Cir.), *cert. denied*, 107 S.Ct. 883 (1986). Moreover, it does not serve to place the burden of persuasion on the defendant, *Conner v. Ft. Gordon Bus Company*, 761 F.2d 1495 (11th Cir.1985); it creates only a rebuttable presumption of discrimination. *McCollum.* Once plaintiff discharges this burden, the burden then shifts to the defendant to articulate legitimate non-discriminatory reasons for the employment action at issue.[8] The burden then shifts back to the plaintiff to identify and present evidence demonstrating that the defendant's actions were actually motivated by discriminatory intent; i.e., that the defendant's proffered reasons were merely a pretext for discrimination. "This burden merges with the ultimate burden of persuasion,

---

7. It is interesting to note that this evidence is found in a claims manager's manual dated November 29, 1963. The ADEA did not become effective until December 15, 1967, approximately four years later. Nevertheless, defendants do not assert that this manual was not in use at the time the position in question became available.

8. This burden is a light one; it is one of production and not of proof. *Lee v. Russell County Board of Education*, 684 F.2d 769, 773 (11th Cir.1982). The defendant need not persuade the court that it was actually motivated by the proffered reason; it suffices if only a genuine issue of fact is raised as to whether discriminatory motive or intent was present. *Doyal v. Marsh*, 777 F.2d 1526 (11th Cir.1985).

and the plaintiff must either [present direct evidence] that a discriminatory reason more likely motivated the employer or indirectly prove discrimination by showing that the employer's proffered explanation is unworthy of credence." *Maddox v. Claytor,* 764 F.2d 1539, 1546 (11th Cir.1985) (quoting *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1978)).

■ Defendants apparently concede that plaintiff has established a *prima facie* case of age discrimination in relation to his promotion claim. Brief at 14. In addressing their burden of production under the above-described analysis, defendants assert that plaintiff's rejection for the managerial position at issue was based on the superior qualifications of the other candidate for the job; i.e., defendant Hickey. Specifically, defendants assert that

> Hickey had eight years of managerial/administrative experience within the Sentry companies, and fifteen years' total experience with Sentry. In plaintiff's four years with the company, he had less than one year's experience in supervision. In performance evaluations, Hickey had consistently been rated either in the highest range of "superior" or "outstanding" [see Defendants' Exhibits E, F, G, H]. Plaintiff had never received an "outstanding" rating, and had been rated as "commendable," the third of five rating categories, in December, 1981, June, 1984, and March 1985. [Defendants' Exhibits S, T, U]. In addition, plaintiff had been evaluated by his immediate supervisor, Bill Youtt, as being "not a team player," causing "friction with corporate claims," and "seeing everything in black and white." [Defendants' Exhibits V, W, X].

*Id.* at 15.

By the foregoing, the court finds that defendants have articulated legitimate non-discriminatory reasons for rejecting plaintiff's application for promotion. As a consequence, the burden passes back to plaintiff to identify and present evidence creating an issue of fact as to whether these reasons are mere pretext and that defendants' promotion decision was actually discriminatory. Moreover, where as here, the defendants' proffered evidence of lawful motive is more than minimally sufficient and completely rebuts the plaintiff's *prima facie* case, it is incumbent upon the plaintiff to supplement his *prima facie* case with additional evidence of pretext. *Grigsby v. Reynolds Metal Company,* 821 F.2d 590, 596 (11th Cir.1987). "Where the defendant's justification evidence completely overcomes any inference to be drawn from the evidence submitted by the plaintiff, the district court may properly acknowledge that fact and award summary judgment to the employer." *Id* at 597. *See also Young,* 840 F.2d at 828. Plaintiff addresses his burden head-on: "A review of the record including exhibits, testimony and pleadings illustrates that plaintiff was the far better qualified person to fill the position of claims service center manager." December 14, 1987 Response at 8.

In support of this assertion, plaintiff first presents defendant Sentry's Career Opportunity Job Posting Form. Plaintiff's Exhibit 2(b). This form, dated June 21, 1985, served as notice to interested employees of the availability of the managerial position in question. In addition to describing the position, the form provided that,

> Qualifications include a broad background in claims including exposure to all lines of coverage and policy; proven and successful management experience is necessary; good organizational, human relations and communications skills critical; knowledge of applicable law affecting claims and technical expertise is needed.

*Id.* It is plaintiff's contention that based on this criteria,[9] he was clearly the more

---

9. Plaintiff also relies on the "specific areas of consideration" as stated by an official of defendant Sentry,. These factors are described as (1) past performance as a manager, familiarity with management principles, experience as a manager, ability to lead a department; (2) the background of the individual and various claims assignments and the level of performance in discharging those duties and responsibilities; and (3) technical experience in claims." De-

qualified applicant for this position. December 14, 1987 Response at 10, 12. Specifically, plaintiff argues that "defendant Hickey's [previous] job as district marketing manager was really a sales job and that in March, 1985, he was struggling with his job...." *Id.* at 9 (citing Plaintiff's Exhibit 5). It is also contended that defendant Hickey's only "background in claims" stems from a position he occupied from 1974 to 1977; more than eight years prior to his promotion; *id.* at 12 (citing Defendants' Exhibit B), and that for the next four and one-half years,[10] defendant Hickey was involved with clerical and computer work requiring "little, if any, technical claims skills." *Id.* at 11 (citing Defendants' Exhibit B). This is compared to plaintiff's "more than eighteen years' experience in the handling and supervision of claims [as well as in] supervising and managing personnel." *Id.* at 10.

In addition, plaintiff proffers evidence indicating (1) that defendant Hickey never formally applied for the position in question while plaintiff did, *id.* at 9; (2) that defendant Hickey's previous "promotion" was actually a job re-classification, *id.*; (3) that defendant Hickey himself described his career development as "lacking," *id.* at 9–10; (4) that defendant Hickey's job performance had not been evaluated in over four years prior to his promotion, *id.* at 10–11; and (5) that in the three and one-half years preceding defendant Hickey's promotion, he received a bi-weekly salary increase of $138 as compared to plaintiff's $329. *Id.* at 12. Based on the foregoing, the court believes that plaintiff has met his burden of creating an issue of fact as to whether defendant's proffered reasons for rejecting his application for promotion in favor of defendant Hickey are mere pretext for discrimination. This is particularly so in light of the evidence described previously; i.e., the excerpt from the claims manager's manual and the affidavit testimony of Jeane Shope. Plaintiff's Exhibit 1

cember 14, 1987 Response at 13 (citing Enright Deposition at 53–54).

**10.** From May 2, 1977 to December 21, 1981.

and 2(a). Accordingly, defendant's motion for summary judgment on the promotion aspect of plaintiff's ADEA claim must be DENIED.

### (b) Termination.

 The second half of plaintiff's ADEA claim alleges that his employment with defendant Sentry was terminated on the basis of his age. Defendants, on the other hand, argue (1) that plaintiff has failed to establish a *prima facie* case on this claim, and in any event (2) sufficient legal reasons for the decision to terminate his employment exist. Brief at 17. The court agrees. First, plaintiff fails to address this aspect of his ADEA claim. The entire portion of his brief in opposition to defendants' motions for summary judgment dedicated to Count I of the complaint addresses the promotion issue exclusively. *See* December 14, 1987 Response at 2–14. But even considering plaintiff's initial burden met, defendants articulate legitimate non-discriminatory reasons for their decision to terminate plaintiff's employment which remain unrebutted. Specifically, defendants assert that plaintiff's termination was a consequence of his refusal to cooperate in defendants' investigation of his previous charges of illegal activity.[11] Brief at 17. "It was plaintiff who first stated that he was in possession of documentary evidence which would prove corporate wrongdoing. He promised to make his evidence available to the management, but later reneged on his promise." *Id.* at 19. *See also* Defendants' Exhibit GG. Plaintiff fails to address this proffered reason for his termination. Consequently, it remains unrebutted and entitles defendants to judgment as a matter of law on this aspect of plaintiff's ADEA claim. Accordingly, defendants' motions for summary judgment on Count I of plaintiff's complaint are DENIED IN PART and GRANTED IN PART.

**11.** Defendants also assert that plaintiff was terminated for "poor performance and non-performance of job duties." *Id.* at 20. Plaintiff likewise failed to attempt a rebuttal of this assertion.

### C. *Count II.*

█ Plaintiff claims in Count II of his complaint that defendants' decision to terminate his employment was in retaliation for his objections to their alleged discriminatory employment practices. Defendant Ballard, et al., assert their right to judgment on this claim on the grounds that it was not raised by plaintiff in his EEOC charge.[12] In considering this argument previously, the court, citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970), concluded that

> An investigation [by the EEOC] of why plaintiff was terminated could reasonably have been expected to grow out of [the] allegations contained in the EEOC charge. In particular, a reasonable investigation of these charges should have encompassed the possibility that plaintiff was terminated because he opposed the alleged age discrimination in the promotion decision and other allegedly discriminatory practices of defendant Sentry. This conclusion is bolstered by plaintiff's description of "retaliatory termination" on his EEOC intake questionnaire upon which the EEOC charge was based. For these reasons, the court concludes that plaintiff's claim of retaliatory discharge in Count II was encompassed by his EEOC charge and in the investigation reasonably growing out of that charge.

Order of November 18, 1987 at 19. No reason for vacating this ruling has been articulated or is otherwise apparent. Accordingly, defendant Ballard, et al.'s motion for summary judgment on Count II on this ground is DENIED.

As plaintiff correctly notes, defendants have not challenged the merits of this claim in either summary judgment motion. As mentioned above, defendants, by their October 15, 1986 motion, asserted their right to judgment on this claim on the grounds

that plaintiff failed to raise it in his prior EEOC charge. The second motion for summary judgment[13] was submitted by defendants prior to the court's original ruling on their administrative argument. Order of November 18, 1987 at 14–19. Consequently, defendants failed to address the retaliatory discharge claim on its merits until the filing of their December 29, 1987 reply brief. Noting this, plaintiff requested leave to supplement his response "if the court deems defendants' brief to raise the merits of the retaliatory discharge in Count II." Response at 18.

Because the court finds that defendants did not challenge the merits of plaintiff's retaliatory discharge claim until the filing of its reply brief, the issues raised by this challenge are not presently before the court. However, the court will grant defendants leave to file a third motion for summary judgment within thirty days of entry of this order. This motion, if filed, shall be directed solely to the merits of plaintiff's retaliatory discharge claim. The parties will thereafter be allowed to brief their positions regarding this motion as provided in Local Rule 220-1.

### D. *Count III*

Count III has been interpreted by the court to state a claim for intentional infliction of emotional distress. *See* Order of December 30, 1986 at 3. In considering defendants Sentry, Hickey and Toole's motion for summary judgment on this claim, the court concluded that

> The exercise of [pendent] jurisdiction would unfairly interject new issues into this action. In particular, the evidence necessary to prove the necessary motivation for the alleged intent to inflict emotional distress would include evidence of plaintiff's vigorous opposition to alleged violations of state insurance laws. These new issues would likely confuse a jury

---

**12.** The court considered defendants Sentry, Hickey and Toole's motion for summary judgment on this ground in its November 18, 1987 order. As previously mentioned, consideration of defendant Ballard, et al.'s motion on the same ground was stayed. As will be discussed

*infra,* defendants' second motion for summary judgment does not address Count II.

**13.** As noted previously, this second motion was received by the Clerk April 8, 1987 but not filed until November 18, 1987. It thus preceded the court's November 18, 1987 order.

which would have to be instructed to disregard all such evidence when passing upon the federal retaliatory discharge claims. For these reasons, the court concludes that a trial exploring all of the motivations for an intentional infliction of emotional distress would be judicially uneconomical, unfair to the litigants, and engender the likelihood of jury confusion. *Accord Lettich v. Kenway,* 590 F.Supp. 1225, 1226 (D.Mass.1984). Order of November 18, 1987 at 21. On the basis of this determination, the court declined to exercise jurisdiction over plaintiff's state law tort claim and granted summary judgment. For these same reasons, defendant Ballard, et al. are likewise entitled to summary judgment. Accordingly, defendant Ballard, et al.'s motion for summary judgment on plaintiff's intentional infliction of emotional distress claim is GRANTED. Count III of plaintiff's complaint is DISMISSED.

## IV. SANCTIONS

Finally, defendants again move for the imposition of sanctions against plaintiff. Citing Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and 42 U.S.C. § 1988,[14] defendants assert that they "have faced a series of obstacles which could have been avoided had either plaintiff or his counsel been aware of their responsibilities under federal statutes and rules." Brief at 35. Indeed, the court has previously found that certain of plaintiff's claims "could not have been made based upon a belief formed after reasonable inquiry." Order of September 19, 1986 at 12. However, then as now, the court believes that any consideration of the imposition of sanctions is premature at this time. Accordingly, defendants' motion for the imposition of sanctions is once again DENIED with leave to renew at the conclusion of this case.

## V. CONCLUSION

Defendants' motion for summary judgment on Count I of plaintiff's complaint is DENIED as to the promotion claim and GRANTED as to the termination claim.[15] Defendant Ballard, et al.'s motion for summary judgment on Count II of plaintiff's complaint is DENIED. Defendants' motion for summary judgment on Count III of plaintiff's complaint is GRANTED and Count III is hereby DISMISSED. Defendants' motion for the imposition of sanctions is DENIED with leave to renew at the conclusion of this case. Finally, defendants are allowed leave to file a third motion for summary judgment directed to the merits of Count II of plaintiff's complaint within thirty (30) days of entry of this order.

SO ORDERED.

---

**14.** Plaintiff originally alleged violations of his constitutional rights under the first and fourteenth amendments as well as violations of 42 U.S.C. § 1981. These claims were dismissed. *See* Order of September 19, 1986.

**15.** Summary judgment on plaintiff's ADEA termination claim was previously granted in favor of defendant Hickey. Thus, as to this defendant, total summary judgment on Count I of plaintiff's complaint is granted.