## A89A0693. NASH v. JOHNSON.
(385 SE2d 294)

BEASLEY, Judge.

Johnson executed a check in the amount of $7,406.77 in favor of his son-in-law, Mark Baim, his daughter, Sue Baim, and Mark Baim's attorney, Nash. The check was written on the corporate account of The Everett Johnson Group, Inc., of which Johnson was secretary. The daughter and son-in-law executed a promissory note in favor of The E. J. Group, Inc., for the amount of the check plus interest to be paid in $100 monthly installments beginning on December 1, 1986, and continuing each month for nine years. The note was witnessed by Johnson as secretary of the corporation.

The Baims separated on or about March 31, 1987, and were subsequently divorced in September 1987.

On April 6, 1987, Johnson filed a "Memorandum of Complaint" with the State Bar of Georgia against attorney Nash. The complaint alleged: On October 14, 1986, Johnson met with Nash to discuss felony charges against Baim. At that time, Nash said if restitution was made for several outstanding bad checks, it was possible the court's decision would be more lenient. Nash recommended that Johnson draft a check payable to the Baims and Nash. Nash stated he would deposit the check for $7,406.77 in his escrow account to make restitution and would refund all funds not used for restitution or court costs of $1,050.

The complaint further alleged that trial was held March 25, 1987, and Baim was placed on probation for eight years and ordered to pay $150 per month restitution for four years. Johnson was told on March 26 that Nash had used the $7,406.77 to pay part of his legal fee for Baim. On March 30, Johnson telephoned Nash who confirmed that the funds had been used as partial payment of his fee. At that point, Johnson requested that the $7,406.77 be refunded to him since the funds had not been used for the intended purpose and Johnson had not been asked if they could be used for any other purpose. Nash responded that Johnson was not his client and that Johnson should discuss it with Baim. Johnson was filing the complaint because his agreement with Nash for the use of the funds had been disregarded.

The complaint was resolved in Nash's favor.

Three days prior to the filing of the complaint with the State Bar, on April 3, Baim and Nash filed a complaint for declaratory judgment against Johnson stating that Baim paid the money given by Johnson to Nash for settlement of outstanding attorney fees for the handling of various legal matters, that Nash was continuing to handle legal matters for him and as of the date of filing had spent over 125 hours, that Johnson was dissatisfied with application of the loan proceeds to pay the past due legal fees rather than restitution and wished

to cancel his loan with Baim and have Nash refund the fees. Plaintiffs demanded judgment declaring that the loan to Baim was not in default, that Nash was not indebted to Johnson in any amount, and for reasonable and necessary attorney fees and costs of the action.

Johnson filed an answer and counterclaim pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986) on May 1.

On May 19, The Everett Johnson Group, Inc., filed suit against Nash and Baim for fraud and conversion of the funds in question. Nash answered and lodged a "counterclaim" against the company, Johnson individually, and attorneys Grubbs and Separk alleging that they wrongfully and unlawfully filed the action and the bar complaints; he asked for $200,000 in punitive damages.

Baim and Nash moved to add Johnson, Separk, and Grubbs as defendants-in-counterclaim. All three filed motions to dismiss or in the alternative for judgment on the pleadings. Nash and Baim moved to dismiss the company's claims. After a hearing and review of the record, on January 5, 1988, the trial court issued an order denying Baim's and Nash's motions to dismiss, granting the intended defendants-in-counterclaim motions to dismiss or for judgment on the pleadings, and granting the Nash and Baim motions to add the defendants-in-counterclaim only to the extent that they be parties for purposes of the ruling for any motion under OCGA § 9-15-14 and denying such motions to the extent that they sought to add the defendants-in-counterclaim for a *Yost v. Torok* claim. The order also acknowledged the suggestion of death of Grubbs.

On February 2, 1988, Johnson moved for summary judgment in the declaratory judgment suit and his company moved for the two actions to be consolidated.

On February 15, Nash filed a motion for leave to amend to add The Everett Johnson Group, Inc., as a party defendant to the declaratory judgment suit. On February 22, the trial court entered an order granting permission to file the amended complaint, which order was served on Johnson on March 10. Johnson, on March 16, filed a motion in opposition to Nash's motion for leave to amend. On April 15, The Everett Johnson Group, Inc., answered the suit claiming, *inter alia*, that it was never made a party defendant to the action and that process and service of process were insufficient. The company also filed a motion to dismiss on those bases. In two separate orders, on July 1, the court granted the company's motion to dismiss and denied Johnson summary judgment as a defendant-in-counterclaim in the company's fraud and conversion suit.

On November 1, the trial court issued another order vacating and setting aside its July 1 orders due to numerous scrivener's errors and mistakes. The order went on to grant Johnson's motion for summary judgment and his company's motion to dismiss in the declaratory

judgment suit and consequently to deny the Baim and Nash motion to add on the basis that it was moot in view of the grants of dismissal and summary judgment. It further ordered that Nash's motion for summary judgment in the fraud and conversion suit be denied and that the company's motion to consolidate the two suits was moot.

In one appeal Nash challenges the court's unfavorable November 1 rulings in both suits.

1. The Declaratory Judgment Action. "In cases of actual controversy, the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such." OCGA § 9-4-2.

" 'A declaratory judgment or decree is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows as of course; and the action is therefore distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party.' [Cit.]" *Lee v. Beneficial Fin. Co. of Ga.*, 159 Ga. App. 205, 212 (282 SE2d 770) (1981).

Here, *under disputed facts*, plaintiffs Baim and Nash prayed that the court enter a judgment declaring that the loan to Baim was not in default and that Nash was not indebted to Johnson in any amount. Such is not a situation for declaratory judgment.

Moreover, a "court may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." OCGA § 9-4-8. Approximately six weeks after the filing of this "declaratory judgment" action, the fraud and conversion suit involving different parties and claims but the same factual dispute was under way. Thus, a determination of the declaratory judgment would not extinguish the controversy.

The trial court was authorized to grant summary judgment to Johnson, to grant dismissal to the corporation, and to deny because of mootness plaintiffs' motion to add on the basis that the complaint was not appropriate for declaratory judgment.

Even if the complaint was appropriate for the declaratory relief sought, Johnson was still entitled to summary judgment on the evidence of record.

Johnson so moved on the basis that the evidence showed the money was loaned by the corporation and not by him individually. His affidavit stated as much. Appended to it were a copy of the check

drawn on the corporate account but signed by Johnson without additional language that he was signing in a representative capacity, and a copy of the promissory note in favor of the corporation for the amount of the check. OCGA § 11-3-403 (2) (b) permits parol evidence (here reduced to writing in the form of the affidavit) in litigation between the immediate parties to prove signature by the agent in his representative capacity. *Kramer v. Johnson*, 121 Ga. App. 848, 849 (2) (176 SE2d 108) (1970).

The only arguable attempt at evidentiary rebuttal was an affidavit by Baim made during the course of the divorce which was appended to plaintiffs' brief in opposition to the summary judgment. The Baim affidavit stated that he had borrowed the sum from his father-in-law to help resolve pending legal matters. There was no statement whatsoever that the check was a personal loan from the father-in-law rather than a corporate loan via the father-in-law nor anything else to counter Johnson's showing. Neither, contrary to appellant's contention, was there any evidence to allow piercing of the corporate veil.

The trial court did not err in ending the declaratory judgment action.

2. The fraud and conversion suit. Johnson and the company move to dismiss this portion of the appeal dealing with the denial of summary judgment to Nash on the basis that the suit is separate and distinct from the declaratory judgment action and that as such the denial of summary judgment was not subject to review by direct appeal along with the final rulings in the declaratory judgment case.

*Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980), held that when a "direct appeal is taken, any other judgments, rulings or orders *rendered in the case and which may affect the proceedings below* may be raised on appeal and reviewed and determined by the appellate court." (Emphasis supplied.)

Although the appealed-from rulings were contained in one order, the denial of summary judgment was rendered in an action distinct and apart from the declaratory judgment suit in which the directly appealable ruling was rendered. In fact, the motion to consolidate the actions below was opposed. Furthermore, the denial of summary judgment to Nash in the fraud and conversion suit would not affect the propriety of the court's determinations in the declaratory judgment action. Thus, the denial of summary judgment is not "tied to the appeal of an appealable order or judgment." Id.

It cannot be reviewed in this appeal. Compare *Dairyland Ins. Co. v. McIntosh*, 171 Ga. App. 782, 783 (1) (321 SE2d 110) (1984); *Alexander Underwriters v. Ins. Agencies of Ga.*, 156 Ga. App. 560, 563 (3) (275 SE2d 138) (1980).

Appellees' motion to dismiss the appeal in part is granted.

*Judgment affirmed in part. Appeal dismissed in part. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 22, 1989 —
REHEARING DENIED JULY 21, 1989 — 

*Charles C. Clay, Mary A. Stearns,* for appellant
*W. Allen Separk, Adele P. Grubbs,* for appellee.
Mark H. Baim, *pro se.*