S89A0281, S89A0318. STANCIL v. GWINNETT COUNTY (two cases).
(384 SE2d 666)

CLARKE, Presiding Justice.

Stancil's appeal is from an order of the Gwinnett Superior Court

entered in open court April 26, 1989, dismissing the City of Lawrenceville; an order of May 10, 1989, denying injunctive relief against Gwinnett County; and an order of July 10, 1989, awarding attorney fees to the City of Lawrenceville. He filed a notice of appeal on June 7, 1989.

The City of Lawrenceville moves to dismiss the appeal from the order of April 26, 1989, dismissing the City of Lawrenceville because the notice of appeal was 10 days late. The City of Lawrenceville seeks to dismiss the appeal from the award of attorney fees because the appellant did not file an application as required by OCGA § 5-6-35 (a) (10) for an appeal from an award of attorney fees pursuant to OCGA § 9-15-14.

The question is whether the dismissal of the City of Lawrenceville was a final order appealable under OCGA § 5-6-34. The dismissal of one of multiple defendants is not an appealable order unless the judge has made it a final order under OCGA § 9-11-54 (b). *Home Mart Building Centers, Inc. v. Wallace*, 139 Ga. App. 49 (228 SE2d 22) (1976); *Spivey v. Rogers*, 167 Ga. App. 729 (307 SE2d 677) (1983). Therefore, the time for notice of appeal did not run from that date but from the May 10 order. In regard to the claim that an application was necessary to appeal the award of attorney fees, since this was appealed along with other matters directly appealable, an application was not necessary. See *Haggard v. Board of Regents*, 257 Ga. 524 (360 SE2d 566) (1987).

Appellant Stancil, a citizen of Gwinnett County, brought this action for injunctive relief against Gwinnett County and the City of Lawrenceville. In April 1989, the Board of Commissioners of Gwinnett County passed a resolution expressing support for the concept of redevelopment of Downtown Lawrenceville prepared by the City of Lawrenceville and the Lawrenceville Downtown Redevelopment Task Force. Part of the money raised by one percent sales tax approved by Gwinnett County voters at a special election in November 1987, is earmarked for renovation of the courthouse in Lawrenceville. Appellant is primarily concerned that the grounds of the court house will be encroached upon to create parking spaces around the courthouse square. Appellant sought to have the county either enjoined from proceeding with plans to alter the courthouse grounds or enjoined from collection of the tax unless the grounds of the courthouse are preserved. He sought to have both defendants enjoined from altering the grounds.

The trial court dismissed the City of Lawrenceville as a party and dismissed the complaint for injunction against the county on the ground that it was premature. The court found that while plans were being considered for redevelopment of Lawrenceville Square, no final plans had been approved. Further, there has been no decision to

spend sales tax proceeds on the redevelopment project. The trial court granted attorney fees to the City of Lawrenceville pursuant to OCGA § 9-15-14 (b) on the ground that there was no justification for the suit against the city. The trial court found that the City of Lawrenceville had "no legal interest, property rights, or governing authority in the courthouse grounds." Because the plaintiff made inaccurate allegations which could have been easily verified, and because the complaint lacked substantial justification, the court granted attorney fees to the city.

1. We find that the trial court properly dismissed the City of Lawrenceville from the action. Because there was no basis for the action against the city, and because the appellant could have made this determination with a minimum amount of diligence, we affirm the award of attorney fees. *Haggard v. Board of Regents,* 257 Ga., supra.

2. We find that the trial court properly denied injunctive relief against Gwinnett County. As this court held in *McDowell v. Judges Ex Officio,* 235 Ga. 364, 365-6 (219 SE2d 713) (1975), in a case involving a similar fact situation:

> The issuance of an injunction is a . . . rigorous remedy and cannot be based upon mere possibilities. An evidentiary hearing which produced evidence in support of all the appellant's well-pleaded allegations would not authorize this injunctive relief because it would be based upon circumstances, conditions and events which may or may not occur in the future. Therefore, the trial court correctly held that the complaint fails to set forth a justiciable issue and does not state a claim upon which relief can be granted.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1989.

*Macklyn A. Smith,* for appellant.
*Richard A. Carothers, Caryl Brinson, Anthony O. L. Powell, Russell T. Bryant,* for appellee.