A90A1113, A90A1352. ROLLESTON v. HUIE et al. (two cases).
(400 SE2d 349)

CARLEY, Chief Judge.

The relevant facts in these two appeals are as follows: In her capacity as guardian of her minor niece, appellee-defendant Ms. M. Aubrey Munford retained appellant-plaintiff to act as her legal counsel. However, Munford subsequently discharged appellant and retained appellee-defendant Stell Huie as her attorney. Thereafter, appellant filed suit against Munford, naming her as a defendant in both her individual and her guardianship capacities, and against Huie and his law firm. As against Munford in both of her capacities, appellant alleged a contract claim for additional legal fees and, as against Huie and his law firm, appellant purported to allege a tort claim based upon certain statements that had been made to him in a telephone conversation with Huie.

Munford moved to dismiss that contract claim which was being asserted against her in her guardianship capacity and Huie and his law firm moved for judgment on the pleadings as to the tort claim which was being asserted against them. The trial court granted both motions, leaving the case pending only as to the contract claim against Munford in her individual capacity. As to Huie and his law firm, the trial court directed the entry of final judgment pursuant to OCGA § 9-11-54 (b) but, as to Munford in her guardianship capacity, the trial court neither directed the entry of final judgment, nor certified for immediate review its order granting her motion to dismiss. In Case No. A90A1113, appellant appeals directly from the grant of final judgment on the pleadings in favor of Huie and his law firm and also from the non-final grant of Munford's motion to dismiss. In Case No. A90A1352, appellant appeals directly from the trial court's subsequent grant of Huie's and his law firm's post-judgment motion for attorney's fees pursuant to OCGA § 9-15-14. The two cases are hereby

consolidated for appellate disposition in this single opinion.

### Case No. A90A1113

1. This court has no jurisdiction to consider the merits of the non-final grant of Munford's motion to dismiss. As noted above, the case remains pending against Munford in her individual capacity and, absent compliance with OCGA § 9-11-54 (b) or OCGA § 5-6-34 (b), the grant of her motion to dismiss the claim that was being asserted against her in her guardianship capacity is not final and not presently appealable. See generally *Collier v. Rogers*, 173 Ga. App. 621 (327 SE2d 588) (1985).

*Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980) is not authority to the contrary. Munford's motion to dismiss was directed to one of the two contract claims being asserted against her, which contract claims are entirely separate and distinct from the tort claim being asserted against Huie and his law firm. The non-final grant of Munford's motion to dismiss will in no way affect the propriety of the trial court's grant of Huie's and his law firm's motion for judgment on the pleadings. "Thus, the [non-final order as to Munford] is not 'tied to the appeal of an appealable order or judgment.' [Cit.]" *Nash v. Johnson*, 192 Ga. App. 412, 415 (2) (385 SE2d 294) (1989).

2. The alleged actionable tortious statement attributed to Huie is a "threat" to file a counterclaim against appellant for legal malpractice if appellant should bring suit against Munford to recover additional legal fees. According to the complaint, this "threat" is actionable in tort as an unlawful "attempt to disseminate information tending to impair [appellant's] credit or business and professional repute" in violation of OCGA § 16-8-16 (a) (3).

OCGA § 16-8-16 is a criminal provision. " '(T)he violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who [claims to have been] injured thereby.' [Cit.]" *Oswald v. American Nat. Can Co.*, 194 Ga. App. 882, 883 (392 SE2d 26) (1990). Although OCGA § 16-8-16 establishes the public policy of this state, nothing within its provisions purports to create a private cause of action in tort in favor of an alleged victim. Accordingly, the civil liability of Huie and his law firm must be determined under the applicable provisions of the tort law of this state, not the inapplicable criminal provisions of OCGA § 16-8-16. Moreover, even if OCGA § 16-8-16 were to create a private cause of action in tort, appellant would nevertheless have failed to state a viable claim thereunder. Pretermitting whether the threat could be characterized as "unlawful," it is undisputed that Huie obtained no "property of or from [appellant] by threatening to" file the counterclaim for legal malpractice on behalf of

his client.

The most that can be said for appellant's allegations is that they purport to state a tort claim against Huie and his law firm under the theory that the "threat" constituted the intentional infliction of emotional distress. However, it is clear that the mere filing of a lawsuit is not the type of humiliating, insulting or terrifying conduct which will give rise to a claim for the intentional infliction of emotional distress. *Savell, Williams, Cox & Angel v. Coddington*, 176 Ga. App. 179, 180 (2) (335 SE2d 436) (1985); *East River Savings Bank v. Steele*, 169 Ga. App. 9 (311 SE2d 189) (1983); *Georgia Power Co. v. Johnson*, 155 Ga. App. 862, 863 (2) (274 SE2d 17) (1980). Since the actual filing of a lawsuit, standing alone, does not give rise to a viable claim for the intentional infliction of emotional distress, the mere "threat" to file a lawsuit certainly does not. See *Moses v. Prudential Ins. Co. of Am.*, 187 Ga. App. 222 (369 SE2d 541) (1988) (holding that a telephone threat to resort to physical violence *and* to litigation does not state a claim). "[T]he 'threats' associated with institution of a civil action *cannot and do not* constitute duress and are not actionable in tort." (Emphasis supplied.) *Mobley v. Coast House, Ltd.*, 182 Ga. App. 305, 307 (355 SE2d 686) (1987). It follows that the trial court correctly granted judgment on the pleadings in favor of Huie and his law firm.

3. Appellees' motion for assessment of a penalty for frivolous appeal pursuant to Court of Appeals Rule 26 (b) is denied.

## Case No. A90A1352

4. The first issue for resolution is whether we have jurisdiction over this direct appeal from the trial court's grant of Huie's and his law firm's post-judgment motion for attorney's fees pursuant to OCGA § 9-15-14.

OCGA § 5-6-35 (a) provides that appeals in certain specified instances "shall be taken" by application for a discretionary appeal. "A careful reading of OCGA § 5-6-35 leads us to the inescapable conclusion that the legislature never intended for the application procedure to be circumvented." *State Farm Mut. Auto. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39) (1989) (construing OCGA § 5-6-35 (a) (8)). An appeal from an award under OCGA § 9-15-14 *is* included among those appeals which "shall be taken" by application for a discretionary appeal. Since an award of attorney's fees or expenses of litigation under OCGA § 9-15-14 is made pursuant to an entirely *separate and distinct* post-judgment procedure and often rests upon factors which have *no relation whatsoever* to the merits of an appeal from the underlying judgment itself, it would *seem* apparent that the legislature never intended for the application procedure to be circumvented even in those instances where a direct appeal has been filed from the un-

derlying judgment. See *State Farm Mut. Auto. Ins. Co. v. Yancey*, supra. It is *only* in those instances wherein the OCGA § 9-15-14 award is clearly connected to the merits of an appeal from the underlying judgment that the latter can be said to have *any* bearing on the former. Thus, in its review of an application for a discretionary appeal, this court *does* consider the underlying basis for an OCGA § 9-15-14 award to be an important factor in its decision whether or not to grant the application. When it appears that a reversal of the underlying judgment would necessarily render the OCGA § 9-15-14 award erroneous, this court *grants* the application so as to review *both* the judgment and the award in light of the entire record, thus avoiding the anomalous possibility that the OCGA § 9-15-14 award will be allowed to stand notwithstanding the reversal of the underlying judgment upon which the award was erroneously predicated.

Nevertheless, our Supreme Court has "conclude[d] that a judgment awarding attorney['s] fees and costs of litigation pursuant to OCGA § 9-15-14 may be reviewed on direct appeal, when it is appealed as part of a judgment that is directly appealable. [Cit.]" *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 526 (4a) (360 SE2d 566) (1987). See also *Stancil v. Gwinnett County*, 259 Ga. 507, 508 (384 SE2d 666) (1989). We are compelled to follow this interpretation of OCGA § 5-6-35 (a) (10). Accordingly, a party aggrieved by a post-judgment OCGA § 9-15-14 award is required to comply with the discretionary appeal procedure of OCGA § 5-6-35 (a) (10) *only* in those instances where no direct appeal has been otherwise taken from the underlying judgment. See *Scott v. McLaughlin*, 192 Ga. App. 230 (384 SE2d 212) (1989). However, in those instances where, as here, a direct appeal has been taken from the underlying judgment, a party may also appeal directly from the OCGA § 9-15-14 post-judgment award without regard to the discretionary appeal procedures of OCGA § 5-6-35 (a) (10). *Haggard v. Bd. of Regents &c. of Ga.*, supra; *Stancil v. Gwinnett County*, supra. It follows that we do have jurisdiction over this appeal.

5. "The trial court awarded attorney['s] fees and expenses of litigation on the basis of both OCGA § 9-15-14 (a) and (b). OCGA § 9-15-14 (a) provides for a mandatory award. The standard of review for this section is the 'any evidence' rule. OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion. Under both standards the record supports the trial court's award." *Haggard v. Bd. of Regents &c. of Ga.*, supra at 527 (4c).

6. Appellant's remaining enumerations of error have been considered and found to be without merit.

*Judgment in Case No. A90A1113 affirmed in part and appeal dismissed in part. Judgment in Case No. A90A1352 affirmed. McMurray, P. J., concurs. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur fully in Divisions 1 through 4, but concur specially with regard to Division 5 and its discussion of the attorney fees award.

The trial court based its award of attorney fees on both paragraphs (a) and (b) of OCGA § 9-15-14. As I discussed more fully in my concurring opinion in *Lane v. K-Mart Corp.*, 190 Ga. App. 113, 115-116 (378 SE2d 136) (1989), paragraph (a) compels the award of attorney fees only when a claim has merit neither in fact nor in law. As a result, notwithstanding the "any evidence" standard of review enunciated in *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987), when considering an appeal from an award of attorney fees made under OCGA § 9-15-14 (a), we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law. In the case at bar, we effectively engaged in that analysis in our discussion in Division 2 of the merits of the underlying claim. Had we found the claim asserted by appellant constituted a "good faith attempt to establish a new theory of law" as described in OCGA § 9-15-14 (c), the award of attorney fees could not be sustained. Since I agree that the claim advanced below did not meet that standard, I concur in the judgment in Division 5.

DECIDED NOVEMBER 28, 1990 —
REHEARING DENIED DECEMBER 10, 1990 — 

*Moreton Rolleston, Jr.*, pro se.

*Long, Aldridge & Norman, John L. Watkins, Jack H. Watson, Jr.*, for appellees.