**Mark S. STUHLREYER, Plaintiff,**

v.

**ARMCO, INC., Defendant.**

No. C–1–91–615.

United States District Court,
S.D. Ohio, W.D.

Sept. 29, 1992.

John Michael Fischer, Ennis, Roberts and Fischer, Cincinnati, OH, for Mark S. Stuhlreyer.

David Charles Horn, Frost & Jacobs, Cincinnati, OH, for Armco, Inc.

### *ORDER*

HERMAN J. WEBER, District Judge.

Plaintiff Mark S. Stuhlreyer brings this action against his former employer defendant Armco, Inc. under the Employee Retirement Security Act (ERISA), 29 U.S.C. §§ 1132(a)(1)(A) and (a)(3). This matter is before the Court upon Armco's motion for summary judgment (doc. no. 5), plaintiff's response and cross motion for summary judgment (doc. no. 6), Armco's reply and memorandum in opposition (doc. nos. 8, 9), plaintiff's replies (doc. nos. 11, 15), Armco's supplemental memorandum (doc. no. 14), and the parties' proposed findings of fact and conclusions of law (doc. nos. 10, 12).

### I.

Stuhlreyer began working for Armco in 1978 following college and military service. In mid–1984 Stuhlreyer was promoted to the position of general manager of Armco's Construction Products Division (CPD), a position in which he reported directly to the president of the division.

In mid–1985 Armco was in the process of selling certain assets because of its financial condition. Stuhlreyer became involved in the possible purchase of CPD with, according to Stuhlreyer, the encouragement of Armco's senior managers. This purchase never occurred.

In ·or around September 1985, a former president of the CPD proposed a buy-out of

the CPD involving CPD's entire management team, approximately twenty-five people. Stuhlreyer declined to participate in the proposed buy-out, because he questioned whether the division could succeed with twenty-five co-owners. Concerned that his position as general manager would be in jeopardy in the event the management team buy-out succeeded, Stuhlreyer allegedly asked J. William Hardin, CPD's manager of human resources about Armco's severance plan. According to Stuhlreyer, Hardin orally told him that Armco's severance plan provided one week's salary for each year of service. Stuhlreyer claims that Hardin did not provide any written information to him about the severance plan.

On October 1, 1985, Elton Turnipseed, president of CPD and one of the individuals involved in the proposed management buy-out, called Stuhlreyer into his office. Hardin was present. Turnipseed accused Stuhlreyer of engaging in improper conduct by providing confidential information to an individual who was competing with the management team to purchase CPD. When Stuhlreyer denied this accusation Turnipseed demanded Stuhlreyer's resignation with his compensation and fringe benefits to cease immediately. Stuhlreyer refused to resign and argued that he was at least entitled to severance pay. According to Stuhlreyer, Turnipseed responded that if Stuhlreyer forced Turnipseed to terminate his employment, he (Turnipseed) would make it difficult for Stuhlreyer to obtain future employment. Stuhlreyer still refused to resign.

Stuhlreyer maintains that for the next ten days both Turnipseed and Hardin pressured him to resign. At one point Stuhlreyer informed them that he was not going to act until he met with an attorney. Hardin allegedly warned Stuhlreyer that if he obtained counsel, their position would become more recalcitrant.

On or about October 11, 1985, Stuhlreyer submitted a letter of resignation. Stuhlreyer did not receive the severance benefits described in Armco's severance payment plan or any other benefits under the plan. At no time either before or after his resignation from Armco did Stuhlreyer submit a written application to Armco for severance pay. At no time since his resignation did Stuhlreyer submit a written request to Armco for the reasons why he was not awarded severance pay.

On September 19, 1986, Armco filed an action against Stuhlreyer in the Hamilton County, Ohio Court of Common Pleas to recover relocation expenses it had advanced Stuhlreyer, which he had not repaid when he submitted his letter of resignation. Stuhlreyer filed an answer and brought several counterclaims against Armco including breach of contract, defamation, breach of obligation of good faith and fair dealing, and a claim for severance pay (doc. no. 5, ex. B).

Armco filed a motion for summary judgment. Stuhlreyer responded arguing, in part, that Armco acted arbitrarily and capriciously in denying him severance benefits (doc. no. 8, ex. A). The trial court granted Armco's motion for summary judgment on the merits of plaintiff's counterclaims (doc. no. 5, ex. C). Armco then obtained a judgment in its favor on its claim for relocation expenses. *Id.* at ex. D, p. 3.

Stuhlreyer appealed to the Ohio Court of Appeals arguing that the trial court erred in granting Armco summary judgment because material facts remained in dispute on the issue of whether Armco acted arbitrarily and capriciously in denying him severance benefits. (doc. no. 8, ex. B). The Ohio Court of Appeals rejected Stuhlreyer's arguments and affirmed the trial court's decision to grant Armco summary judgment. The Ohio Court of Appeals stated:

> Stuhlreyer asserts that Armco acted arbitrarily in denying him severance pay. Both parties agree that Armco's severance pay policy is regulated by ... ERISA ... Since the benefit plan is regulated by ERISA and Armco has complete discretion on whether to administer severance payments, Stuhlreyer argues that the standard of review in an appeal of a decision to deny benefits is whether the decision is arbitrary and capricious. *See Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, [113], 109 S.Ct. 948, 956 [103 L.Ed.2d 80] (1989).

Upon the resignation of Stuhlreyer, Armco refused to pay him severance payments, asserting that it was within its discretion to deny Stuhlreyer these "extra benefits." Armco argues that Stuhlreyer's improper conduct involving the possible sale of CPD warranted a denial of severance payments, and was therefore, not an arbitrary or capricious act.

*Id.* at 9–10. After analyzing the terms of Armco's severance payment policy, the Court of Appeals determined that the policy was discretionary and that "Armco did not use its discretionary power in an arbitrary or capricious manner ..." *Id.* at 11.

Stuhlreyer next filed a motion to reconsider in the Ohio Court of Appeals in which he argued ERISA claims containing allegations similar to those he raises in the instant case. Stuhlreyer argued as follows:

With respect to [Stuhlreyer's] severance pay claim, which is governed by ... [ERISA] ... [Armco] failed to comply with any of the Federal law and regulations applicable to its denial of severance benefits ... Thus the evidence is undisputed that [Stuhlreyer] was not provided notice in writing that his severance benefits were being denied, was not provided the reasons in writing why his severance benefits were denied, and was not provided a reasonable opportunity for a full and fair review of the decision denying him severance benefits. It is also uncontroverted that [Stuhlreyer] was threatened that [Armco] would make it difficult for him to find future employment if he made any attempt to pursue his claim for severance benefits.

*Id.* at ex. E, p. 7; *see also,* pp. 8–9.

The Ohio Court of Appeals denied the motion for reconsideration stating, "[T]he court concludes that [Stuhlreyer's] application for reconsideration does not raise any issues for consideration that were not fully considered at the time the decision on this matter was released ..." *Id.* at ex. F.

Stuhlreyer's notice of appeal to the Ohio Supreme Court was denied. *Id.* at ex. G.

Stuhlreyer filed the instant action on September 6, 1991, raising the following claims:

(1) Armco violated § 1133 by failing to provide Stuhlreyer written notice of the decision to deny severance benefits, by failing to provide Stuhlreyer written reasons for denying severance benefits, and by failing to provide Stuhlreyer with an opportunity to appeal the denial of severance benefits.

Armco's violations of § 1133 constitute arbitrary and capricious acts in connection with the denial of severance benefits.

(2) Armco is liable to Stuhlreyer under 29 U.S.C. § 1132(c)(1)(B) in an amount equal to $100.00 per day from the date of Armco's failure to provide information to Stuhlreyer as required by ERISA.

Stuhlreyer asks this Court to issue the following: an Order requiring Armco to comply with ERISA; an Order requiring Armco to pay him $100.00 per day from October 1, 1985, to the date Armco complies with ERISA; an Order requiring defendant "to pay plaintiff the maximum severance benefits to which he would have been entitled under [Armco's] employee welfare benefit plan if [Armco] had not acted arbitrarily and capriciously in denying plaintiff said severance benefits"; interest from October 1, 1985; costs and attorney fees (doc. no. 1, pp. 5–6).

## II.

Armco contends that it is entitled to summary judgment [1] in its favor on Stuhlreyer's claims for severance benefits, because the principle of collateral estoppel precludes Stuhlreyer from relitigating his severance pay claims in the instant action. Armco argues that the acts alleged in Stuhlreyer's complaint are identical to those raised by Stuhlreyer in state court.

Stuhlreyer contends that his severance pay claims are not barred by collateral estoppel, because the Ohio courts did not have subject matter jurisdiction as federal courts possess exclusive jurisdiction over the claims.

---

1. The legal standard for consideration and disposition of issues on summary judgment is well

settled and is set forth in *Goldstein v. D.D.B. Needham,* 740 F.Supp. 461, 463 (S.D.Ohio 1990).

■ 28 U.S.C. § 1738[2] directs this Court to examine state preclusion law to determine the extent to which an earlier judgment rendered by a state court precludes a later action in federal court. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 381–82, 105 S.Ct. 1327, 1332–33, 84 L.Ed.2d 274 (1985). This Court must provide a state court judgment the same preclusive effect as would the judgment-rendering state. *Id.* at 384, 105 S.Ct. at 1334; *see also City of Canton, Ohio v. Maynard,* 766 F.2d 236, 237 (6th Cir.1985) (Per Curiam).

■ When a matter raised in federal court was decided in the earlier state action, preclusion law analysis begins by focusing on the "jurisdictional competency" of the state court. *Marrese,* 470 U.S. at 381–82, 105 S.Ct. at 1332–33. "If state preclusion law includes [the] requirement of jurisdictional competency, which is generally true, a state judgment will not have preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts." *Id.*

■ In order for a judgment to have preclusive effect in Ohio, Ohio law requires the rendering court to possess subject matter jurisdiction over a claim. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith,* 918 F.2d 658, 663 (6th Cir.1990) (quoting *La Barbera v. Batsch,* 10 Ohio St.2d 106, 109, 39 O.O.2d 103, 227 N.E.2d 55 (1967)) (other citations omitted). Analysis of whether Ohio law precludes Stuhlreyer from raising his ERISA claims in federal court therefore begins with an assessment of whether the Ohio courts possessed subject matter jurisdiction over Stuhlreyer's ERISA claims.

ERISA's jurisdictional provision, 29 U.S.C. § 1132(e)(1), provides as follows:

Except for actions brought under [§ 1132](a)(1)(B) ... the district courts of the United States shall have exclusive jurisdiction of civil actions under this Title brought ... by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the Unit-

ed States shall have concurrent jurisdiction of actions brought under [§ 1132](a)(1)(B) ...

■ Through this jurisdictional scheme Congress provided this Court and the Ohio courts with concurrent jurisdiction over Stuhlreyer's claim for the ERISA benefits allegedly due him. Title 29 U.S.C. § 1132(a)(1)(B) provides as follows:

A civil action may be brought—by a participant or beneficiary—to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

■ Congress provided this Court with exclusive jurisdiction only over Stuhlreyer's claims under §§ 1132(a)(3) and (c). *See* § 1132(e)(1). The Ohio Courts have jurisdiction over Stuhlreyer's claim to recover benefits due him under the terms of the plan. *See id.* The Ohio courts' denial of Stuhlreyer's ERISA benefits has preclusive effect. He cannot now claim them here. This is so because the concurrent jurisdiction of the Ohio courts over Stuhlreyer's challenge to the denial of ERISA benefits satisfies Ohio preclusion law's requirement of jurisdictional competency. *See Marrese,* 470 U.S. at 381–82, 105 S.Ct. at 1332–33; *Gargallo,* 918 F.2d at 663. The remaining elements of Ohio preclusion law—that the parties to the prior action be the same and that the cause of action be the same, *see Goodson v. McDonough Power Equipment, Inc.,* 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978 (1983)—are also met. Accordingly, Ohio preclusion law prevents Stuhlreyer from re-litigating the propriety of Armco's decision to deny him ERISA benefits. *Zanders v. National Railroad Pass. Corp.,* 898 F.2d 1127 (6th Cir. 1990).

■ Turning to Stuhlreyer's claims under 29 U.S.C. §§ 1132(a)(1)(A) and (a)(3), which he raised for the first time in the Ohio Court of Appeals on his motion for reconsideration. *Supra,* p. 586. The Ohio Court of Appeals denied Stuhlreyer's motion for reconsidera-

---

**2.** 28 U.S.C. § 1738 provides in pertinent part that state judicial proceedings "shall have the same full faith and credit in every court within

the United States ... as they have by law or usage in the courts of such state ... from which they are taken."

tion after concluding that the motion "[did] not raise any issues for consideration that were not fully considered at the time the decision on this matter was released." *Id.* Despite this blanket conclusion, the Ohio Court of Appeals did not possess subject matter jurisdiction to consider the merits of Stuhlreyer's claims under §§ 1132(a)(1)(A) and (a)(3), because federal district courts have exclusive jurisdiction over the claims. *See* § 1132(e)(1). Applying Ohio preclusion law, this Court concludes that the Ohio Court of Appeals lacked jurisdictional competency over these claims over which the federal district courts have exclusive jurisdiction. Collateral estoppel, therefore, does not bar Stuhlreyer from raising the §§ 1132(a)(1)(A) and (a)(3) claims in the instant action. *Cf. Gargallo,* 918 F.2d at 663–64 (claims brought under federal security laws, over which federal courts exercise exclusive jurisdiction, are not barred by Ohio preclusion law).

In sum, § 1738 mandates this Court to accord full faith and credit to the Ohio courts' approval of Armco's decision to deny Stuhlreyer ERISA benefits, but not to his claims under § 1132(a)(1)(A) and (a)(3). *See Marrese,* 470 U.S. at 383–84, 105 S.Ct. at 1333–34.

### III.

Stuhlreyer contends that he is entitled to summary judgment in his favor on his claim that Armco is liable to him under 29 U.S.C. § 1132(c)(1)(B) in the amount of $100.00 per day since October 1, 1985. This is so, according to Stuhlreyer, because the following statements are undisputed: Armco failed to provide the information mandated by § 1133(1) upon his request; Armco acted arbitrarily and capriciously by denying this information, by failing to provide Stuhlreyer with an opportunity to appeal the denial of benefits, as required by § 1133(2), and by threatening Stuhlreyer with adverse economic consequences if he pursued his claim for severance benefits (doc. no. 6, pp. 7–10).

Armco argues that summary judgment in its favor is proper on Stuhlreyer's claim for $100.00 per day penalty, under 29 U.S.C. § 1132(c)(1)(B), because Stuhlreyer has produced no evidence of Armco's alleged failure to comply with § 1133, because Stuhlreyer has not shown that he was prejudiced by the alleged violation of § 1133, and because Stuhlreyer failed to submit a written request for information. Armco also contends Stuhlreyer's claim fails since § 1133 imposes obligations on the "plan" not the "plan administrator," and it is the administrator who is sanctioned under § 1132(c)(1)(B).

■ Armco is entitled to summary judgment in its favor on Stuhlreyer's claim for $100.00 per day penalty under 29 U.S.C. § 1132(c)(1)(B). This is so because § 1133 imposes obligations on the "plan" rather than on the "plan administrator," and therefore, Armco's alleged violations of § 1133 cannot be the basis for assessing § 1132(c)(1)(B) penalties. *See VanderKlok v. Provident Life and Acc. Ins. Co.,* 956 F.2d 610, 618 (6th Cir.1992); *see also Walter v. International Ass. of Machinists Pension Fund,* 949 F.2d 310, 315–16 (10th Cir.1991); *Groves v. Modified Retirement Plan, Etc.,* 803 F.2d 109, 116 (3rd Cir.1986).

■ Stuhlreyer's § 1133(2) claim also fails because § 1132(c)(1)(B) does not embrace violations of § 1133(2). *See Phipps v. Metropolitan Life Ins. Co.,* 625 F.Supp. 1038, 1042–44 (S.D.Ohio 1985).

Title 29 U.S.C. § 1132(c)(1)(B) provides as follows:

> Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

■ Stuhlreyer's § 1133(1) claim also fails, because it is undisputed that Stuhlreyer did not make a request for any materials. He did not request a copy of the plan. He

orally inquired about Armco's severance benefits but requested no materials or documents. *See* doc. nos. 10, 12. Since strict construction of this penal provision of ERISA is required, it is clear that the plan administrator did not violate § 1132(c)(1)(B). *Cf. Tracey v. Heublein, Inc.,* 772 F.Supp. 726, 72–29 (D.Conn.1991); *Clouatre v. Lockwood,* 593 F.Supp. 1136, 1140 (M.D.La.1984); *Meyer v. Phillip Morris, Inc.,* 575 F.Supp. 1232, 1235 (E.D.Mo.1983).

██ Stuhlreyer lastly argues that he is entitled to summary judgment on his claim that Armco acted arbitrarily and capriciously. He relies primarily on *Blau v. Del Monte Corp.,* 748 F.2d 1348 (9th Cir.1987), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985), which "clearly postulates that violations of ERISA notice and appeal requirements constitute arbitrary and capricious conduct." (doc. no. 6, p. 7). Stuhlreyer's reading of *Blau* is too expansive because *Blau* does not establish that a violation of §§ 1133(1), or (2) can be the sole basis for concluding that a plan administrator's conduct was arbitrary and capricious. The concern in *Blau* was the plan administrator's continuing procedural violations and whether the violations infected any particular decision to deny benefits. *Blau,* 748 F.2d at 1354. Since Stuhlreyer bases his arbitrary-and-capricious theory not on a continuing series of procedural violations but instead on Armco's alleged violations of § 1133 as to him, the alleged violations fail, as a matter of law, to establish that Armco acted arbitrarily and capriciously. *Cf. VanderKlok,* 956 F.2d at 616–18 (Defendant insurance company's violation of § 1133 did not expose it to monetary liability under § 1132(c)); *cf. also Berger v. Edgewater Steel Co.,* 911 F.2d 911, 921 (3rd Cir.1990), *cert. denied,* 499 U.S. 920, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991) (substantive remedies, such as severance pay, not available for violations of ERISA's procedural requirements); *Wolfe v. J.C. Penney Co.,* 710 F.2d 388, 393 (7th Cir.1983) (plan administrator's single violation of § 1133 did not entitle employee to substantive remedies).

Accordingly, Stuhlreyer's motion for summary judgment lacks merit, and Armco is entitled to summary judgment in its favor on plaintiff's claims under § 1132(c)(1)(B) and § 1133.

**IV.**

Stuhlreyer's claim for equitable relief fall under § 1132(a)(3), which provides:

A civil action may be brought—by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this title or the terms of the plan.

██ The Ohio courts conclusively resolved the factual issues underlying Stuhlreyer's present claim for equitable relief when they rejected his challenge to the denial of severance benefits. *See supra,* pp. 585 – 586. Stuhlreyer is therefore precluded from relitigating these factual allegations in support of his present equitable claims. *See Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990); *see also In re Lewis,* 845 F.2d 624, 628 (6th Cir.1988).

Accordingly, Armco is entitled to summary judgment in its favor on Stuhlreyer's claims for equitable relief under § 1132(a)(3).

**ORDER**

The Court hereby **ORDERS** that:

(1) Armco's motion for summary judgment (doc. no. 5) is **GRANTED,** and plaintiff's complaint is **DISMISSED** with prejudice and at plaintiff's cost.

(2) Stuhlreyer's cross motion for summary judgment (doc. no. 6) is **DENIED.**

The matter is terminated on the docket of this Court.

**IT IS SO ORDERED.**